ORIGINAL

1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   ANWER A. KHAN (Cal. Bar No. 255159)
4  Special Assistant United States Attorney
   General Crimes Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3825
7       Facsimile: (213) 894-0142
        E-mail:    anwer.khan@usdoj.gov
8
   Attorneys for Complainant
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  IN THE MATTER OF THE            CV No. CV17-00861- R(AFM)
    EXTRADITION OF
13                                  GOVERNMENT'S FILING OF
    ADAM KAZIMIERZ ANTONOWICZ,      (1) REQUEST FOR EXTRADITION AND
14                                  (2) REDACTED COPY OF FORMAL
    A Fugitive from the Government  EXTRADITION PAPERS
15  of the Republic of Poland.
                                    [18 U.S.C. § 3184]
16

17

18      The fugitive, ADAM KAZIMIERZ ANTONOWICZ ("ANTONOWICZ"), having

19  been arrested pursuant to an arrest warrant issued on January 25,

20  2017, by United States Magistrate Judge Paul L. Abrams, and having

21  come before this Court for an initial appearance on January 25,

22  2017, before Magistrate Judge Alexander F. MacKinnon, complainant

23  United States of America hereby (1) requests the extradition of the

24  fugitive to the Government of the Republic of Poland and (2) files

25  the redacted copies of the original diplomatic note formally

26  requesting the extradition, with the accompanying copies of the

27  Extradition Treaty Between the United States of America and the

28  Republic of Poland ("the U.S.-Poland Extradition Treaty"), U.S.-

1   Pol., July 10, 1996, S. TREATY DOC. NO. 105-13 (1997); the

2   Extradition Agreement with the European Union ("the U.S.-E.U.

3   Extradition Agreement"), U.S.-EU, June 25, 2003, S. TREATY DOC. NO.

4   109-14 (2006); and the Agreement Between the United States of

5   America and the Republic of Poland on the Application of the

6   Extradition Treaty Between the United States of America and the

7   Republic of Poland signed 10 July 1996 ("the Annex"), U.S.-Pol.,

8   June 9, 2006, S. TREATY DOC. NO. 109-14 (2006) (collectively

9   referenced hereafter as the "Extradition Treaty"), as well as

10   supplemental diplomatic letters dated January 12, 2015, and August

11   31, 2015, (Exhibit A), and the documentary evidence accompanying the

12   request for extradition (Exhibit B).

13        Filed concurrently herewith is the Government's Application for

14   Order Allowing Filing Under Seal, Without Copies or Service of

15   Original Formal Extradition Documents.

16        Under the procedures of this Court, this extradition matter,

17   under a new civil docketing number, should be assigned to a United

18   States District Judge and United States Magistrate Judge for further

19   extradition proceedings.

20   Dated: February 2, 2017          Respectfully submitted,

21
                                     EILEEN M. DECKER
22                                   United States Attorney

23                                   LAWRENCE S. MIDDLETON
                                     Assistant United States Attorney
24                                   Chief, Criminal Division

25
                                     _____/s/_____
26                                   ANWER A. KHAN
27                                   Special Assistant U.S. Attorney

28                                   Attorneys for Complainant
                                     United States of America

1
2
3
4                              **EXHIBIT A**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



United States Department of State

*Washington, D.C. 20520*

*www.state.gov*

April 14, 2016

Vaughn Ary, Esquire
Director
Office of International Affairs
Criminal Division
Department of Justice
Washington, D.C. 20530

      ATTN:   Marcus Busch

      RE:      Extradition of Adam Kazimier Antonowicz to Poland

Dear Mr. Ary:

I enclose a copy of Diplomatic Note No. 35-18-2013, dated August 22, 2013, formally requesting the extradition of Adam Kazimier Antonowicz for offenses of misleading of a public official, forgery of a document and obtaining a passport under false pretenses, and attempt to commit the same. I understand that additional information was submitted by the Ministry of Justice of Poland to the United States Department of Justice on January 12, 2015 and August 31, 2015 to supplement the request.

Also enclosed are one original set and one copy of the supporting documents submitted with the Embassy's note. The documents have been appropriately certified in accordance with the provisions of the 2006 U.S.-Poland Agreement and Annex. My declaration is enclosed for your use in the extradition proceedings.

                    Sincerely,

                    Michael N. Jacobsohn
                    Attorney-Adviser
                    Office of the Legal Adviser for
                    Law Enforcement and Intelligence

Enclosures:
      1.    Copy of note
      2.    Declaration
      3.    Documents (as stated)



DISTRICT OF COLUMBIA, ss:

## DECLARATION OF MICHAEL N. JACOBSOHN

I, Michael N. Jacobsohn, declare and say as follows:

1. I am an Attorney Adviser in the Office of the Legal Adviser for the Department of State, Washington, DC. This office has responsibility for extradition requests, and I am charged with the extradition case of Adam Kazimier Antonowicz. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaty in full force and effect between the United States and Poland, the Embassy of Poland has submitted Diplomatic Note No. 35-18-2013, dated August 22, 2013, formally requesting the extradition of Adam Kazimier Antonowic, as supplemented by letters from the Ministry of Justice of Poland to the United States Department of Justice dated January 12, 2015 and August 31, 2015. Copies of the diplomatic note and letters are attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States and Poland are found in the Extradition Treaty between the United States of America and the Republic of Poland signed July 10, 1996, and the Agreement between the United States of America and the Republic of Poland on the application of the Extradition Treaty between the United States of America and the Republic of Poland signed July 10, 1996, pursuant to Article 3(2) of the Agreement on Extradition between the United States of America and the

-2-

European Union signed at Washington June 25, 2003 (the "Agreement"), with Annex, signed June 9, 2006. The Annex to the Agreement (the "Annex") reflects the integrated text of the provisions of the 1996 U.S.-Poland Extradition Treaty and the U.S.-EU Extradition Agreement. A copy of the Agreement and Annex are attached to this declaration.

4. In accordance with Article 22 of the Annex, the Government of the United States of America provides legal representation in U.S. courts for the Government of Poland in its extradition requests, and the Government of Poland provides legal representation in its courts for extradition requests made by the United States.

5. The offenses of misleading of a public official, forgery of a document and obtaining a passport under false pretenses, and attempt to commit the same, for which extradition is sought, are covered under Article 2 of the Annex. The offense of submission of false and certifying untruth documents for the purpose of obtaining credits is not forwarded to the court for consideration.

6. Under Article 10 of the Annex, documents that bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State are admissible in extradition proceedings without further certification, authentication or other legalization. Such documents satisfy the authentication requirements of Article 10 without the need for certification by the U.S. Embassy in Warsaw. Poland, in submitting documents in the instant case that bear the certificate or seal of the Ministry of Justice has complied with the authentication requirements of Article 10.

16030423-1

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

...ertify That Michael N. Jacobsohn, whose name is subscribed to the document hereunto
...ed, was at the time of subscribing the same Attorney Adviser, Office of the Legal Adviser,
...ment of State, United States of America, and that full faith and credit are due to her acts as

*This certificate is not valid if it is removed or altered in any way whatsoever*



In testimony whereof, I, John F. Kerry, Secretary of State , have
hereunto caused the seal of the Department of State to be affixed and
my name subscribed by the Assistant Authentication Officer, of the
said Department, at the city of Washington, in the District of
Columbia, this fourteenth day of April, 2016.

*Issued pu... ...o CHI... ...te of*
*Sept. 15, ... l Stat. ... 22*
*USC 2657... C 265... ...SC*
*301; 28 U... 3 et. se... ...SC*
*1443(f); R... Federa... of*
*Civil Proce...*

Secretary of State

By

Assistant Authentication Officer,
Department of State



-3-

I declare under the penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed on April 14, 2016.

_____

MICHAEL N. JACOBSOHN.

Attachments:
      1.  Copy of Note and Letters
      2 .  Copy of Agreement with Annex

No 35-18-2013

The Embassy of the Republic of Poland presents its compliments to the United States Department of State and in accordance with the Treaty of Extradition between the Republic of Poland and the United States of America has the honor to request the extradition of Adam Kazimierz Antonowicz, born on ███████ in ███. He is suspected of the crime of falsifying documents in Poland.

The offense Adam Kazimierz Antonowicz is suspected of corresponds with article 2 of the Treaty of Extradition between the Republic of Poland and the United States of America.

The Minister of Justice of the Republic of Poland issued the extradition request.

The Embassy of the Republic of Poland avails itself of this opportunity to renew to the United States Department of State the assurances of its highest consideration.

Enclosures: Documents supporting the extradition request. Ⱳ

U.S. Department of State

W a s h i n g t o n , D. C.



Washington, DC, August 22, 2013

MB/DH



MINISTERSTWO SPRÁWIEDLIWOŚCI
Departament Współpracy Międzynarodowej
i Praw Człowieka
00 - 950 Warszawa, Al. Ujazdowskie 11
Tel/fax: (+ 48 22) 6280949

Warszawa, January 12, 2015

DWMPC II 073 – 300 / 13 / 15
PG V Oz₁ 825 / 13
Please quote our ref. when responding
UNr : 150112 – 00 430

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

2015 JAN 20  PM 3: 34
DIVISION

Extradition Treaty between the Republic of Poland and the United States of America signed
in Washington on July 10, 1996.
Extradition of a Polish citizen Adam ANTONOWICZ from the United States to Poland
Your reference 95 -100 – 23045

Dear Ms. Rodriguez,

With reference to the request of the District Public Prosecutor's Office in Opole for extradition from the United
States of a Polish citizen Adam ANTONOWICZ , the Ministry of Justice of the Republic of Poland – acting as an
executive authority pursuant to Article 25 of the Treaty - kindly sends enclosed the additional documents
prepared by the requesting authority, which were requested in your aforementioned letter. The documents
have been authorised by the Polish Ministry of Justice according to the aforementioned Extradition Treaty.

Sincerely yours,

Head of Division
Katarzyna Biernacka

Cc:
General Prosecutor's Office
Department of International Cooperation
Ref. PG V Oz₁ 825/13

95 - 100 - 23045



MINISTERSTWO SPRAWIEDLIWOŚCI
Departament Współpracy Międzynarodowej
I Praw Człowieka
00 - 950 Warszawa, Al. Ujazdowskie 11
Tel/fax: (+ 48 22) 6280949

DWMPC II 073 – 300 / 13 / 18
PG V Oz$_1$  825 / 13
UNP 150831 – 00660
Please quote our ref. when responding

Warszawa, August 31, 2015

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

Extradition Treaty between the Republic of Poland and the United States of America signed
in Washington on July 10, 1996.
Extradition of a Polish citizen Adam ANTONOWICZ from the United States to Poland
Your reference 95 -100 – 23045

Dear Ms. Rodriguez,

With reference to the request of the District Public Prosecutor's Office in Opole for extradition from the United
States of a Polish citizen Adam ANTONOWICZ , the Ministry of Justice of the Republic of Poland – acting as an
executive authority pursuant to Article 25 of the Treaty – kindly sends enclosed the letter of aforementioned
requesting authority dated July 27, 2015. The documents have been duly authorised by the Polish Ministry of
Justice according to the aforementioned Extradition Treaty.

Sincerely yours,

Head of Division,
Kamila Jończyk – Piskorska

Cc:
General Prosecutor's Office
Department of International Cooperation
Ref. PG V Oz$_1$ 825/13

| 105TH CONGRESS<br>*1st Session* | SENATE | TREATY DOC.<br>105–14 |
|---|---|---|

## EXTRADITION TREATY WITH POLAND

## MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

EXTRADITION TREATY BETWEEN THE UNITED STATES OF AMER-
ICA AND THE REPUBLIC OF POLAND, SIGNED AT WASHINGTON
ON JULY 10, 1996



JULY 9, 1997.—Treaty was read the first time and, together with the
accompanying papers, referred to the Committee on Foreign Relations
and ordered to be printed for the use of the Senate

U.S. GOVERNMENT PRINTING OFFICE
39–118                WASHINGTON : 1997

## LETTER OF TRANSMITTAL

THE WHITE HOUSE, *July 9, 1997.*

*To the Senate of the United States:*

With a view to receiving the advice and consent of the Senate to ratification, I transmit herewith the Extradition Treaty between the United States of America and the Republic of Poland, signed at Washington on July 10, 1997.

In addition, I transmit, for the information of the Senate, the report of the Department of State with respect to the Treaty. As the report explains, the Treaty will not require implementing legislation.

This Treaty will, upon entry into force, enhance cooperation between the law enforcement communities of both countries. It will thereby make a significant contribution to international law enforcement efforts.

The provisions in this Treaty follow generally the form and content of extradition treaties recently concluded by the United States.

I recommend that the Senate give early and favorable consideration to the Treaty and give its advice and consent to ratification.

WILLIAM J. CLINTON.

.(III)

## LETTER OF SUBMITTAL

DEPARTMENT OF STATE,
*Washington, June 13, 1997.*

The PRESIDENT,
*The White House.*

I have the honor to submit to you the Extradition Treaty between the United States of America and the Republic of Poland ("the Treaty"), signed in Washington on July 10, 1996. I recommend that the Treaty be transmitted to the Senate for its advice and consent to ratification.

The Treaty follows closely the form and content of extradition treaties recently concluded by the United States in most respects. The Treaty represents part of a concerted effort by the Department of State and the Department of Justice to develop modern extradition relationships to enhance the United States ability to prosecute serious offenders including, especially, narcotics traffickers and terrorists.

The Treaty marks a significant step in bilateral cooperation between the United States and Poland. Upon entry into force, it will replace the Extradition Treaty and Accompanying Protocol between the United States and Poland that was signed at Warsaw on November 22, 1927, and entered into force on July 6, 1929, and the Supplementary Extradition Treaty signed at Warsaw on April 5, 1935, and entered into force on June 5, 1936. Those treaties have become outmoded, and the new Treaty will provide significant improvements. The Treaty does not require implementing legislation.

Article 1 obligates each Contracting State to extradite to the other, pursuant to the provisions of the Treaty, any person whom the Authorities in the Requesting State seek for prosecution or have found guilty of an extraditable offense.

Article 2(1) defines an extraditable offense as one punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year, or by a more severe penalty. Use of such a "dual criminality" clause rather than a list of offenses covered by the Treaty obviates the need to renegotiate or supplement the Treaty as additional offenses become punishable under the laws of both Contracting States.

Article 2(2) specifies that an extraditable offense also includes an attempt to commit or participation in the commission of an offense, or a conspiracy to commit (under United States law) or any type of association to commit (under Polish law) an offense as described in Article 2(1). Additional flexibility is provided by Article 2(3), which provides that an offense shall be considered an extraditable offense: (1) whether or not the laws in the Contracting States place

(V)

VI

the offense within the same category of offenses or describe the offense by the same terminology; or (2) whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

With regard to offenses committed outside the territory of the Requesting State, Article 2(4) provides the executive authority of the Requested State with discretion to grant or deny extradition if the offense for which extradition is sought would not be punishable under the laws of the Requested State in similar circumstances. Many United States criminal statutes have extraterritorial application, and the United States frequently makes requests for fugitives whose criminal activity occurred in foreign countries with the intent, actual or implied, of affecting the United States. Poland did not indicate that it anticipated any difficulty with this provision.

Article 2(5) provides that, if extradition has been granted for an extraditable offense, it shall also be granted for any other offense requested, provided that all other requirements for extradition are met, even if the latter offense is punishable by deprivation of liberty for one year or less.

Article 3 includes as extraditable offenses under the Treaty an offense in connection with taxes, duties, international transfers of funds, and importation, exportation, and transit of goods, even if the Requested State does not require the same type of fee or tax or if it does not regulate fees, taxes, duties, transit of goods, and currency transactions in the same manner as the Requesting State.

Article 4(1) provides that neither Contracting State shall be required to extradite its nationals, but the Executive Authority of the Requested State shall have the discretionary power to do so.

Article 4(2) requires the Requested State, if it refuses extradition solely on the basis of the nationality of the person sought, to submit the case to its competent authorities for a decision as to prosecution.

As is customary in extradition treaties, Article 5 incorporates a political and military offenses exception to the obligation to extradite. Article 5(1) states generally that extradition shall not be granted for an offense of a political character.

Article 5(2) specifies several categories of offenses that shall not be considered to be offenses of a political character:

(a) murder or other willful crime against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

(b) an offense for which both Contracting States are obliged pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for a decision as to prosecution;

(c) murder, manslaughter, malicious wounding, or inflicting grievous bodily harm or other grievous injury to health;

(d) an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;



VII

    (e) placing or using an explosive, incendiary or destructive device capable of endangering life, of causing substantial bodily harm, or of causing substantial property damage; and

    (f) an attempt to commit, or participation in the commission of, any of the foregoing offenses, as well as an association to commit these offenses as provided by the laws of Poland, or conspiracy to commit these offenses as provided by the laws of the United States.

The Treaty's political offense exception is substantially identical to that contained in several other modern extradition treaties including the treaty with Hungary, which entered into force on March 18, 1997. Offenses covered by Article 5(2)(b) include:

    Aircraft hijacking covered by The Hague Convention for the Suppression of Unlawful Seizure of Aircraft, done at The Hague December 16, 1970, and entered into force October 14, 1971 (22 U.S.T. 1641; TIAS No. 7192); and,

    Aircraft sabotage covered by the Montreal Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation, done at Montreal September 23, 1971, and entered into force January 26, 1973, (24 U.S.T. 564; TIAS No. 7570).

Article 5(3) provides that extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

Article 5(4) permits the Requested State to deny extradition for military offenses that are not offenses under ordinary criminal law (for example, desertion).

Article 6(1) permits the Requested State to refuse extradition when an offense is punishable by death under the laws in the Requesting State but not under the laws of the Requested State, unless the Requesting State provides the assurance that the death penalty will not be imposed or, if imposed, will not be carried out. Article 6(2) declares that the death penalty, if imposed by the courts of the Requesting State, shall not be carried out in cases where the Requesting State has provided an assurance in accordance with Article 6(1).

Article 7 bars extradition when the person sought has been tried and convicted or acquitted with final and binding effect in the Requested State for the same offense.

Article 7(2), however, declares that extradition is not barred if the competent authorities in the Requested State have declined to prosecute for the offenses for which extradition is requested or have decided to discontinue criminal proceedings against the person sought for those offenses.

Article 8 provides that extradition shall not be granted when prosecution or execution of a sentence has become barred by the statute of limitations of the Requesting State.

Article 9 establishes the procedures and describes the documents that are required to support an extradition request. Article 9(1) requires that all requests be submitted through the diplomatic channel. Article 9(3)(c) provides that a request for the extradition of a person sought for prosecution be supported by evidence justifying committal for trial if the offense had been committed in the Requested State.



VIII

Article 10 establishes the procedures under which documents submitted pursuant to the provisions of this Treaty shall be received and admitted into evidence.

Article 11 requires that all documents submitted by the Requesting State be translated into the language of the Requested State.

Article 12 sets forth procedures for the provisional arrest and detention of a person sought pending presentation of the formal request for extradition. Article 12(4) provides that if the Requested State's executive authority has not received the request for extradition and supporting documentation within sixty days after the provisional arrest, the person must be discharged from custody. Article 12(5) provides explicitly that discharge from custody pursuant to Article 12(4) does not prejudice subsequent rearrest and extradition of that person upon later delivery of the extradition request and supporting documents.

Article 13 provides that the Requested State may request that a Requesting State supplement a request for extradition if the Requested State considers that the information furnished in support of a request for extradition is not sufficient to fulfill the Treaty requirements.

Article 14 specifies the procedures governing surrender and return of persons sought. It requires the Requested State to provide prompt notice to the Requesting State regarding its decision on the request for extradition. If the request is denied in whole or in part, Article 14(2) requires the Requesting State to provide information regarding the reasons therefor. If extradition is granted, the person sought must be removed from the territory of the Requested State within the time prescribed by its law or, if the law does not provide a specific time for surrender, within 30 days from the date on which the Requesting State is notified.

Article 15 permits refusal of an extradition request for a person convicted in absentia, if the executive authority of the Requested State determines that the proceedings did not ensure the minimum right to defense to which the person is entitled. Extradition may be granted, however, if the Requesting State supplies a guarantee deemed adequate by the Requested State that the case will be reopened with a guaranteed right of defense.

Article 16 concerns temporary and deferred surrender. Article 16(1) states that, if the extradition request is granted for a person being prosecuted for an offense other than that for which extradition is sought or is serving a sentence in the territory of the Requested State, that State may temporarily surrender the person to the Requesting State solely for the purpose of prosecution. Alternatively, Article 16(2) provides that the Requested State may postpone the extradition proceedings until its prosecution has been concluded and the sentence has been served.

Article 17 sets forth a non-exclusive list of factors to be considered by the Requested State in determining to which State to surrender a person sought by more than one State.

Article 18(1) provides for the seizure and surrender to the Requesting State of property connected with the offense for which extradition is granted, to the extent permitted under the law of the Requested State. Such property may be surrendered even when extradition cannot be effected due to the death, disappearance, or es-

IX

cape of the person sought. In accordance with Article 18(2), surrender of property may be deferred if it is needed as evidence in the Requested State and may be conditioned upon satisfactory assurances that it will be returned. Article 18(3) imposes an obligation to respect the rights of third parties in affected property.

Article 19 sets forth the rule of speciality. Article 19(1) provides, subject to specific exceptions, that a person extradited under the Treaty may not be detained, tried, or punished for an offense committed prior to extradition other than that for which extradition has been granted, unless a waiver of the rule is granted by the executive authority of the Requested State. Similarly, under Article 19(2), the Requesting State may not extradite such person to a third State for an offense committed prior to the original surrender unless the Requested State consents. However, Article 19(3) makes clear that these restrictions do not apply if the extradited person leaves the Requesting State after extradition and voluntarily returns to it or fails to leave the Requesting State within thirty days of being free to do so.

Article 20 permits surrender to the Requesting State without further proceedings if the person sought provides written consent thereto. The Rule of Specialty set out in Article 19 will not apply to a waiver.

Article 21 governs the transit through the territory of one Contracting State of a person being surrendered to the other State by a third State.

Article 22 contains provisions on representation and expenses that are similar to those found in other modern extradition treaties. Specifically, the Requested State is required to represent the interests of the Requesting State in any proceedings arising out of a request for extradition. The Requesting State is required to bear the expenses related to the translation of documents and the transportation of the person surrendered. Article 22(3) clarifies that neither State shall make any pecuniary claim against the other State arising out of extradition procedures under the Treaty.

Article 23 states that the United States Department of Justice and the Ministry of Justice of Poland may consult with each other directly or through the facilities of INTERPOL in connection with the processing of individual cases and in furtherance of maintaining and improving Treaty implementation procedures. In addition, the Requesting State is required, when requested by the Requested State, to inform the Requested State of the status of criminal proceedings against persons who have been extradited.

Article 24, like the parallel provision in almost all recent United States extradition treaties, states that the Treaty shall apply to offenses committed before as well as after the date the Treaty enters into force, with certain qualifications.

Article 25 identifies the executive authorities for each Party, the Secretary of State for the United States and the Minister of Justice-Attorney General for Poland, or a person designated by the respective executive authorities.

Ratification and entry into force are addressed in Article 26. That Article provides that the Parties shall exchange instruments of ratification at Warsaw and that the treaty shall enter into force 30 days after the exchange of instruments of ratification. Upon

x

entry into force of this Treaty, the 1927 Extradition Treaty between
the United States and Poland, as supplemented in 1935, shall
cease to have effect between the United States and Poland, with
certain noted exceptions.

Under Article 27, either Contracting State may terminate the
Treaty at any time upon written notice to the other Contracting
State, with termination to become effective six months after the
date of receipt of such notice.

A Technical Analysis explaining in detail the provisions of the
Treaty is being prepared by the United States negotiating delega-
tion and will be submitted separately to the Senate Committee on
Foreign Relations.

The Department of Justice joins the Department of State in fa-
voring approval of this Treaty by the Senate at an early date.

Respectfully submitted.

MADELEINE ALBRIGHT.

EXTRADITION TREATY

BETWEEN

THE UNITED STATES OF AMERICA

AND

THE REPUBLIC OF POLAND

(1)

2

The United States of America and the Republic of Poland;

Recalling the Extradition Treaty and accompanying Protocol between the United States of America and the Republic of Poland signed at Warsaw November 22, 1927 and the Supplementary Extradition Treaty signed at Warsaw April 5, 1935; and

Desiring to provide for more effective cooperation between the two States in the suppression of crime and to facilitate the relations between the two States in the area of extradition by concluding a new treaty for the extradition of offenders;

Have agreed as follows:

3

-2-

Article 1

Obligation to Extradite

The Contracting States agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities in the Requesting State seek for prosecution or have found guilty of an extraditable offense.

Article 2

Extraditable Offenses

1. An offense shall be an extraditable offense if it is punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty.

2. An offense shall also be an extraditable offense if it consists of an attempt to commit, or participation in the commission of, an offense described in paragraph 1 of this Article. Any type of association to commit offenses described in paragraph 1 of this Article, as provided by the laws of Poland, and conspiracy to commit an offense described in paragraph 1 of this Article, as provided by the laws of the United States, shall also be extraditable offenses.

3. For the purposes of this Article, an offense shall be an extraditable offense:

(a)     whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology; or

(b)     whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

4

- 3 -

4. If the offense has been committed outside the territory of the Requesting State, extradition shall be granted if the laws in the Requested State provide for the punishment of an offense committed outside its territory in similar circumstances. If the laws in the Requested State do not so provide, the executive authority of the Requested State may, in its discretion, grant extradition.

5. If extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request, even if the latter offense is punishable by deprivation of liberty for one year or less, provided that all other requirements for extradition are met.

Article 3

Fiscal Offenses

An offense shall also be an extraditable offense if it consists of an offense in connection with taxes, duties, international transfers of funds, and importation, exportation, and transit of goods, even if the law of the Requested State does not require the same type of fee or tax or does not regulate fees, taxes, duties, transit of goods, and currency transactions in the same manner as the law of the Requesting State.

Article 4

Nationality

1. Neither Contracting State shall be bound to extradite its own nationals, but the Executive Authority of the Requested State shall have the power to extradite such persons if, in its discretion, it be deemed proper and possible to do so.

2. If extradition is refused solely on the basis of the nationality of the person sought, the Requested State shall, at the request of the Requesting State, submit the case to its competent authorities for a decision as to prosecution.

5

- 4 -

## Article 5
### Political and Military Offenses

1. Extradition shall not be granted if the offense for which extradition is requested is an offense of a political character.

2. For the purposes of this Treaty, the following offenses shall not be considered to be of a political character:

(a)   murder or any other offense against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

(b)   an offense for which both Contracting States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution; and

(c)   murder, manslaughter, malicious wounding, or inflicting grievous bodily harm or other grievous injury to health;

(d)   an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;

(e)   placing or using an explosive, incendiary or destructive device capable of endangering life, of causing substantial bodily harm, or of causing substantial property damage; and,

(f)   an attempt to commit, or participation in the commission of, any of the foregoing offenses, as well as an association to commit these offenses as provided by the laws of Poland, or conspiracy to commit these offenses as provided by the laws of the United States.

3. Notwithstanding paragraph 2 of this Article, extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

6

- 5 -

4.  The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

Article 6

Capital Punishment

1.  When the offense for which extradition is sought is punishable by death under the laws in the Requesting State and is not punishable by death under the laws in the Requested State, the Requested State may refuse extradition unless the Requesting State, if so requested, provides assurances that the death penalty will not be imposed or, if imposed, will not be carried out.

2.  In instances in which a Requesting State provides an assurance in accordance with paragraph 1 of this Article, the death penalty, if imposed by the courts of the Requesting State, shall not be carried out.

Article 7

Prior Prosecution

1.  Extradition shall not be granted when the person sought has been convicted or acquitted with final and binding effect in the Requested State for the offense for which extradition is requested.

2.  Extradition shall not be precluded by the fact that the competent authorities in the Requested State have decided either:

(a)   not to prosecute the person sought for the acts for which extradition is requested; or

(b)   to discontinue any criminal proceedings which have been instituted against the person sought for those acts.

7

- 6 -

Article 8
Lapse of Time

Extradition shall not be granted when the prosecution or the enforcement of the
penalty for the offense for which extradition has been sought has become barred by lapse
of time according to the law of the Requesting State.

Article 9
Extradition Procedures and Required Documents

1.  A request for extradition shall be submitted through the diplomatic channel.

2.  A request for extradition shall be supported by:

(a)     documents, statements, or other types of information which
        describe the identity, nationality, and probable location of the
        person sought;

(b)     information describing the facts of the offense and the
        procedural history of the case;

(c)     the text of the law describing the essential elements of the
        offense for which extradition is requested;

(d)     the text of the law prescribing the punishment for the offense;

(e)     a statement of the provisions of law describing any time limit
        on the prosecution or enforcement of the penalty for the
        offense for which extradition has been sought; and

(f)     the documents, statements, or other types of information
        specified in paragraph 3 or paragraph 4 of this Article, as
        applicable.

3.  A request for extradition of a person who is sought for prosecution shall also be
supported by:

8

- 7 -

(a)   a copy of the warrant or order of arrest, if any, issued by a
      judge or other competent authority;

(b)   a copy of the charging document, if any; and

(c)   such information as would justify the committal for trial of
      the person if the offense had been committed in the
      Requested State.

4.  A request for extradition relating to a person who has been found guilty of the
offense for which extradition is sought shall also be supported by:

(a)   a copy of the warrant or order of arrest, if any, issued by a
      judge or other competent authority;

(b)   a copy of the judgment of conviction or, if such copy is not
      available, a statement by a judicial authority that the person
      has been found guilty;

(c)   information establishing that the person sought is the person
      to whom the finding of guilt refers;

(d)   a copy of the sentence imposed, if the person sought has been
      sentenced, and a statement establishing to what extent the
      sentence has been carried out; and

(e)   in the case of a person who has been convicted in absentia,
      the documents required in paragraph 3.

### Article 10

#### Admissibility of Documents

The documents which accompany an extradition request shall be received and
admitted as evidence in extradition proceedings if:

(a)   in the case of a request from the United States, they are
      certified by the proper diplomatic or consular representative
      of the Republic of Poland in the United States;

9

- 8 -

(b)     in the case of a request from the Republic of Poland, they are
        certified by the principal diplomatic or consular officer of the
        United States resident in the Republic of Poland, as provided
        by the extradition laws of the United States; or

(c)     they are certified or authenticated in any other manner
        accepted by the law of the Requested State.

### Article 11
### Translation

All documents submitted by the Requesting State shall be translated into the
language of the Requested State.

### Article 12
### Provisional Arrest

1.  In case of urgency, a Contracting State may apply for the provisional arrest of
the person sought before the request for extradition is submitted.  An application for
provisional arrest may be transmitted through the diplomatic channel or directly between
the United States Department of Justice and the Ministry of Justice of the Republic of
Poland.  The facilities of the International Criminal Police Organization (INTERPOL)
may be used to transmit such a request.

2.  The application for provisional arrest shall contain:

(a)     a description of the person sought and information
        concerning the person's nationality;

(b)     the location of the person sought, if known;

(c)     a brief statement of the facts of the case, including, if possible,
        the time and location of the offense;

(d)     a description of the laws violated;

10

- 9 -

(e)    a statement of the existence of either:

    (i)    a warrant of arrest for a person sought for prosecution or already found guilty but not yet sentenced, or

    (ii)   a judgment of conviction against a person sought for the enforcement of a sentence; and

(f)    a statement that a request for extradition for the person sought will follow.

3.    The Requesting State shall be notified without delay of the disposition of its application and the reasons for any denial.

4.    A person who is provisionally arrested shall be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 9.

5.    The fact that the person sought has been discharged from custody pursuant to paragraph (4) of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

## Article 13

### Additional Information

If the Requested State considers that the information furnished in support of a request for extradition is not sufficient to fulfill the requirements of this Treaty, that State may request that additional information be furnished within such a reasonable length of time as it specifies. Such additional information may be requested and furnished directly between the United States Department of Justice and the Ministry of Justice of Poland or through the diplomatic channel.

11

- 10 -

Article 14

Decision and Surrender

1. The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.

2. If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial. The Requested State shall provide copies of pertinent judicial decisions upon request.

3. If the request for extradition is granted, the authorities of the Contracting States shall agree on the time and place for the surrender of the person sought.

4. Surrender of the person sought shall take place within such time as may be prescribed by the laws of the Requested State. If the law of the Requested State does not provide a specific time for surrender, it shall take place within thirty (30) days from the date on which the Requesting State is notified of the decision to extradite.

5. If the person sought is not removed from the territory of the Requested State within the time required under paragraph (4), he may be set at liberty. The Requested State may subsequently refuse to extradite the person sought for the same offense.

6. If circumstances beyond its control prevent a Contracting State from timely surrendering or taking delivery of the person to be extradited, it shall notify the other Contracting State before the expiration of the time limit. In such a case the competent authorities of the Contracting States may agree upon a new date for the surrender.

Article 15

Convictions in Absentia

If a Contracting State has applied to the other State for extradition of a person convicted in absentia, the executive authority of the Requested State may refuse to surrender the person if it deems that the proceedings in absentia did not ensure the minimum right to defense to which the person charged is entitled. Extradition may be

12

- 11 -

effected, however, if the Requesting State guarantees, in a manner deemed adequate, that the case against the person whose extradition is requested will be reopened, with a guaranteed right of defense.

### Article 16
### Temporary and Deferred Surrender

1. If the extradition request is granted in the case of a person who is being prosecuted for an offense other than that for which extradition is sought or is serving a sentence in the territory of the Requested State for an offense other than that for which extradition is sought, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution. The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting States.

2. The Requested State may postpone the extradition proceedings against a person who is being prosecuted for the same offense for which that person is sought or any other offense, or who is serving a sentence in that State for an offense other than that for which extradition is sought. The postponement shall continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

### Article 17
### Requests for Extradition Made by Several States

If the Requested State receives requests from the other Contracting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall determine to which State it will surrender the person. In making its decision, the Requested State shall consider all relevant factors, including but not limited to:

13

- 12 -

(a)    whether the requests were made pursuant to treaty;

(b)    the place where each offense was committed;

(c)    the gravity of the offenses;

(d)    the nationality of the victim;

(e)    the possibility of further extradition between the Requesting States; and

(f)    the chronological order in which the requests were received from the
Requesting States.

### Article 18

#### Seizure and Surrender of Property

1. To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense in respect of which extradition is granted.  The items mentioned in this Article may be surrendered, to the extent permitted under the law of the Requested State, even when extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2. The Requested State may condition the surrender of the property upon satisfactory assurances from the Requesting State that the property will be returned to the Requested State as soon as practicable. The Requested State may also defer the surrender of such property if it is needed as evidence in the Requested State.

3. The rights of third parties in such property shall be duly respected.

### Article 19

#### Rule of Speciality

1. A person extradited under this Treaty may not be detained, prosecuted, sentenced, or punished in the Requesting State except for:

14

- 13 -

(a)    an offense for which extradition has been granted or a
       differently denominated offense based on the same facts on
       which extradition was granted, provided such offense is
       extraditable or is a lesser form of such offense;

(b)    an offense committed after the extradition of the person; or

(c)    an offense for which the executive authority of the Requested
       State has consented to the person's detention, prosecution,
       sentencing, or punishment. For the purpose of this
       subparagraph:

       (i)    the Requested State may require the submission of the
              documents specified in Article 9; and

       (ii)   unless the Requested State objects in writing, the
              person extradited may be detained by the Requesting
              State for ninety (90) days, or for such longer period of
              time as the Requested State may authorize, while the
              request is being processed.

2.    A person extradited under this Treaty may not be extradited to a third State for
an offense committed prior to the surrender unless the surrendering State consents.

3.    Paragraphs 1 and 2 of this Article shall not prevent the detention, prosecution,
sentencing, or punishment of an extradited person, or the extradition of that person to a
third State, if:

(a)    that person leaves the territory of the Requesting State after
       extradition and voluntarily returns to it; or

(b)    that person does not leave the territory of the Requesting
       State within thirty (30) days of the day on which that person
       is free to leave.

15

- 14 -

### Article 20
### Simplified Extradition

If the extradition of a person sought to the Requesting State is not obviously precluded by the laws of the Requested State and provided the person sought irrevocably agrees in writing to his extradition after personally being advised by a judge or competent magistrate of his rights to formal extradition proceedings and the protection afforded by them that he would lose, the Requested State may surrender the person sought without a formal extradition proceeding having taken place. In this case Article 19 shall not be applicable.

### Article 21
### Transit

1. Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State. A request for transit shall be made through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request. It shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

2. No authorization is required where air transportation is being used by one Contracting State and no landing is scheduled on the territory of the other Contracting State. If an unscheduled landing occurs on the territory of the other Contracting State, that Contracting State may require the request for transit as provided in paragraph 1. That Contracting State may detain the person to be transported until the request for transit is received and the transit is effected, so long as the request is received within ninety-six (96) hours of the unscheduled landing.

16

- 15 -

## Article 22
### Representation and Expenses

1. The Requested State shall assist, appear in court, and represent the interests of the Requesting State, in any proceeding arising out of a request for extradition.

2. The Requesting State shall bear the expenses related to the translation of documents and the transportation of the person surrendered. The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3. Neither State shall make any other pecuniary claim against the other State arising out of extradition procedures under this Treaty.

## Article 23
### Consultation

1. The United States Department of Justice and Ministry of Justice of the Republic of Poland may consult with each other directly or through the facilities of INTERPOL in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

2. The Requesting State shall, at the request of the Requested State, inform the Requested State of the status of criminal proceedings against persons who have been extradited, and provide a copy of the final and binding decision if one has been issued in the case in question.

## Article 24
### Application

This Treaty shall apply to offenses committed before as well as after the date it enters into force. If, however, an offense was committed before this Treaty enters into force and was not an offense under the laws of both Contracting States at the time of its

17

- 16 -

commission, the executive authority of the Requested State may, in its discretion, grant extradition.

Article 25

Executive Authorities

For the United States of America, the executive authority shall be the Secretary of State or a person designated by the Secretary of State. For Poland, the executive authority shall be the Minister of Justice-Attorney General or a person designated by the Minister of Justice-Attorney General.

Article 26

Ratification and Entry into Force

1. This Treaty shall be subject to ratification, and the instruments of ratification shall be exchanged at Warsaw as soon as possible.

2. This Treaty shall enter into force 30 days after the exchange of the instruments of ratification.

3. Upon the entry into force of this Treaty, the Treaty of Extradition between the United States of America and the Republic of Poland and Accompanying Protocol signed at Warsaw November 22, 1927, and the Supplementary Extradition Treaty signed at Warsaw April 5, 1935, shall cease to have effect between the United States of America and the Republic of Poland. Nevertheless, the 1927 Treaty, as supplemented in 1935, shall apply to any extradition proceedings in which extradition documents have already been submitted to the Requested State at the time this Treaty enters into force, except that Articles 2, 3, 5, 16, 19, and 20 of this Treaty shall be applicable to such proceedings. Article 19 of this Treaty shall apply to persons found extraditable under the prior Treaty.

18

- 17 -

Article 27

Termination

Either Contracting State may terminate this Treaty at any time by giving written notice to the other Contracting State, and the termination shall be effective six months after the date of the receipt of such notice.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments have signed this Treaty.

DONE at Washington, this tenth day of July, 1996, in duplicate, in the English and Polish languages, both texts being equally authentic.

FOR THE UNITED STATES OF AMERICA:        FOR THE REPUBLIC OF POLAND:



Agreement between the United States of America and the Republic of Poland
on the application of the Extradition Treaty between the United States
of America and the Republic of Poland signed 10 July 1996, pursuant to
Article 3(2) of the Agreement on Extradition between the United States
of America and the European Union signed at Washington 25 June 2003

The United States of America and the Republic of Poland (the "Contracting States"
referred to in the Annex to this Agreement),

In view of Article 3(2) of the Agreement on Extradition between the United States of
America and the European Union signed at Washington 25 June 2003,

Have agreed as follows:

<u>Article 1</u>

As contemplated by Article 3(2) of the Agreement on Extradition between the United
States of America and the European Union signed at Washington 25 June 2003
(hereafter "the U.S.-EU Extradition Agreement"), the United States of America and the
Republic of Poland acknowledge that, in accordance with the provisions of this
Agreement, the bilateral Extradition Treaty between the United States of America and
the Republic of Poland signed at Washington on 10 July 1996 (hereafter "the U.S.-
Poland Extradition Treaty") is applied in relation to the U.S.-EU Extradition
Agreement, under the following terms:

(a)     Article 6 of the Annex to this Agreement shall be applied in place of Article 6 of
the U.S.-Poland Extradition Treaty, pursuant to Article 13 of the U.S.-EU Extradition
Agreement;

(b)     Article 9(1) of the Annex to this Agreement shall be applied in place of Article
9(1) of the U.S.-Poland Extradition Treaty, pursuant to Article 5(1) of the U.S.-EU
Extradition Agreement;

(c)     Article 9 bis of the Annex to this Agreement shall be applied to supplement the
provisions of the U.S.-Poland Extradition Treaty, pursuant to Article 14 of the U.S.-EU
Extradition Agreement;

(d)     Article 10 of the Annex to this Agreement shall be applied in place of Article 10
of the U.S.-Poland Extradition Treaty, pursuant to Article 5(2) of the U.S.-EU
Extradition Agreement;

(e)     Article 12(4) of the Annex to this Agreement shall be applied to supplement the
provisions of the U.S.-Poland Extradition Treaty, pursuant to Articles 5(1) and 7(1) of
the U.S.-EU Extradition Agreement; the previous Article 12(4) and 12(5) shall be
renumbered as Articles 12(5) and 12(6) respectively;

1

(f)     Article 17 of the Annex to this Agreement shall be applied in place of Article 17 of the U.S.-Poland Extradition Treaty, pursuant to Article 10 of the U.S.-EU Extradition Agreement;

(g)     In view of Articles 3 and 5 of this Agreement, Articles 24 and 26 of the U.S.-Poland Extradition Treaty shall be deleted. Accordingly, Article 25 of the U.S.-Poland Extradition Treaty shall be renumbered as Article 24 of the Annex, and Article 27 of the U.S.-Poland Extradition Treaty shall be renumbered as Article 25 of the Annex.

### Article 2

The Annex reflects the integrated text of the provisions of the U.S.-Poland Extradition Treaty and the U.S.-EU Extradition Agreement as a result of Article 1 of this Agreement. This integrated text shall apply upon entry into force of this Agreement.

### Article 3

In accordance with Article 16 of the U.S.-EU Extradition Agreement, this Agreement shall apply to offenses committed before as well as after it enters into force.

### Article 4

This Agreement shall not apply to requests made prior to its entry into force.

### Article 5

1.     This Agreement shall be subject to ratification and the instruments of ratification shall be exchanged as soon as possible. This Agreement shall enter into force on the date of entry into force of the U.S.-EU Extradition Agreement.

2.     In the event of termination of the U.S.-EU Extradition Agreement, this Agreement shall be terminated as of the date of termination of the U.S.-EU Extradition Agreement, and the U.S.-Poland Extradition Treaty shall be applied instead. The United States of America and the Republic of Poland nevertheless may agree to continue to apply some or all of the provisions of this Agreement.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective Governments, have signed this Agreement.

DONE at Warsaw this 9th day of June , 2006, in duplicate, in the English and Polish languages, both texts being equally authentic.

FOR THE GOVERNMENT OF THE
UNITED STATES OF AMERICA:

FOR THE GOVERNMENT OF THE
REPUBLIC OF POLAND:

2



ANNEX

EXTRADITION TREATY BETWEEN THE UNITED STATES OF AMERICA AND THE REPUBLIC OF POLAND

Article 1
Obligation to Extradite

The Contracting States agree to extradite to each other, pursuant to the provisions of this Treaty, persons whom the authorities in the Requesting State seek for prosecution or have found guilty of an extraditable offense.

Article 2
Extraditable Offenses

1. An offense shall be an extraditable offense if it is punishable under the laws in both Contracting States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty.

2. An offense shall also be an extraditable offense if it consists of an attempt to commit, or participation in the commission of, an offense described in paragraph 1 of this Article. Any type of association to commit offenses described in paragraph 1 of this Article, as provided by the laws of Poland, and conspiracy to commit an offense described in paragraph 1 of this Article, as provided by the laws of the United States, shall also be extraditable offenses.

3. For the purposes of this Article, an offense shall be an extraditable offense:

(a) whether or not the laws in the Contracting States place the offense within the same category of offenses or describe the offense by the same terminology; or

(b) whether or not the offense is one for which United States federal law requires the showing of such matters as interstate transportation, or use of the mails or of other facilities affecting interstate or foreign commerce, such matters being merely for the purpose of establishing jurisdiction in a United States federal court.

4. If the offense has been committed outside the territory of the Requesting State, extradition shall be granted if the laws in the Requested State provide for the punishment of an offense committed outside its territory in similar circumstances. If the laws in the Requested State do not so provide, the executive authority of the Requested State may, in its discretion, grant extradition.

5. If extradition has been granted for an extraditable offense, it shall also be granted for any other offense specified in the request, even if the latter offense is punishable by

3



deprivation of liberty for one year or less, provided that all other requirements for extradition are met.

## Article 3
### Fiscal Offenses

An offense shall also be an extraditable offense if it consists of an offense in connection with taxes, duties, international transfers of funds, and importation, exportation, and transit of goods, even if the law of the Requested State does not require the same type of fee or tax or does not regulate fees, taxes, duties, transit of goods, and currency transactions in the same manner as the laws of the Requesting State.

## Article 4
### Nationality

1. Neither Contracting State shall be bound to extradite its own nationals, but the Executive Authority of the Requested State shall have the power to extradite such persons if, in its discretion, it be deemed proper and possible to do so.

2. If extradition is refused solely on the basis of the nationality of the person sought, the Requested State shall, at the request of the Requesting State, submit the case to its competent authorities for a decision as to prosecution.

## Article 5
### Political and Military Offenses

1. Extradition shall not be granted if the offense for which extradition is requested is an offense of a political character.

2. For the purposes of this Treaty, the following offenses shall not be considered to be of a political character:

(a) murder or any other offense against the person of a Head of State of one of the Contracting States, or of a member of the Head of State's family;

(b) an offense for which both Contracting States have the obligation pursuant to a multilateral international agreement to extradite the person sought or to submit the case to their competent authorities for decision as to prosecution; and

(c) murder, manslaughter, malicious wounding, or inflicting grievous bodily harm or other grievous injury to health;

(d) an offense involving kidnapping, abduction, or any form of unlawful detention, including the taking of a hostage;

4

(e)  placing or using an explosive, incendiary or destructive device capable of endangering life, of causing substantial bodily harm, or of causing substantial property damage; and,

(f)  an attempt to commit, or participation in the commission of, any of the foregoing offenses, as well as an association to commit these offenses as provided by the laws of Poland, or conspiracy to commit these offenses as provided by the laws of the United States.

3.  Notwithstanding paragraph 2 of this Article, extradition shall not be granted if the executive authority of the Requested State determines that the request was politically motivated.

4. The executive authority of the Requested State may refuse extradition for offenses under military law which are not offenses under ordinary criminal law.

## Article 6
## Capital Punishment

Where the offense for which extradition is sought is punishable by death under the laws in the Requesting State and not punishable by death under the laws in the Requested State, the Requested State may grant extradition on the condition that the death penalty shall not be imposed on the person sought; or if for procedural reasons such condition cannot be complied with by the Requesting State, on condition that the death penalty if imposed shall not be carried out.  If the Requesting State accepts extradition subject to conditions pursuant to this Article, it shall comply with the conditions.   If the Requesting State does not accept the conditions, the request for extradition may be denied.

## Article 7
## Prior Prosecution

1.  Extradition shall not be granted when the person sought has been convicted or acquitted with final and binding effect in the Requested State for the offense for which extradition is requested.

2. Extradition shall not be precluded by the fact that the competent authorities in the Requested State have decided either:

(a)  not to prosecute the person sought for the acts for which extradition is requested; or

(b)  to discontinue any criminal proceedings which have been instituted against the person sought for those acts.

5

Article 8
Lapse of Time

Extradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the law of the Requesting State.

Article 9
Extradition Procedures and Required Documents

1. Requests for extradition and supporting documents shall be transmitted through the diplomatic channel.

2. A request for extradition shall be supported by:

   (a)  documents, statements, or other types of information which describe the identity, nationality, and probable location of the person sought;

   (b)  information describing the facts of the offense and the procedural history of the case;

   (c)  the text of the law describing the essential elements of the offense for which extradition is requested;

   (d)  the text of the law prescribing the punishment for the offense;

   (e)  a statement of the provisions of law describing any time limit on the prosecution or enforcement of the penalty for the offense for which extradition has been sought; and

   (f)  the documents, statements, or other types of information specified in paragraph 3 or paragraph 4 of this Article, as applicable.

3. A request for extradition of a person who is sought for prosecution shall also be supported by:

   (a) a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

   (b) a copy of the charging document, if any; and

   (c) such information as would justify the committal for trial of the person if the offense had been committed in the Requested State.

6

4. A request for extradition relating to a person who has been found guilty of the offense for which extradition is sought shall also be supported by:

(a) a copy of the warrant or order of arrest, if any, issued by a judge or other competent authority;

(b) a copy of the judgment of conviction or, if such copy is not available, a statement by a judicial authority that the person has been found guilty;

(c) information establishing that the person sought is the person to whom the finding of guilt refers;

(d) a copy of the sentence imposed, if the person sought has been sentenced, and a statement establishing to what extent the sentence has been carried out; and

(e) in the case of a person who has been convicted in absentia, the documents required in paragraph 3.

Article 9 bis
Sensitive Information in a Request

Where the Requesting State contemplates the submission of particularly sensitive information in support of its request for extradition, it may consult the Requested State to determine the extent to which the information can be protected by the Requested State.  If the Requested State cannot protect the information in the manner sought by the Requesting State, the Requesting State shall determine whether the information shall nonetheless be submitted.

Article 10
Admissibility of Documents

Documents that bear the certificate or seal of the Ministry or Department of Justice, or Ministry or Department responsible for foreign affairs, of the Requesting State shall be admissible in extradition proceedings in the Requested State without further certification, authentication, or other legalization.

Article 11
Translation

All documents submitted by the Requesting State shall be translated into the language of the Requested State.

7

Article 12
Provisional Arrest

1. In case of urgency, a Contracting State may apply for the provisional arrest of the person sought before the request for extradition is submitted. An application for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request.

2. The application for provisional arrest shall contain:

(a) a description of the person sought and information concerning the person's nationality;

(b) the location of the person sought, if known;

(c) a brief statement of the facts of the case, including, if possible, the time and location of the offense;

(d) a description of the laws violated;

(e) a statement of the existence of either:

   (i) a warrant of arrest for a person sought for prosecution or already found guilty but not yet sentenced, or

   (ii) a judgment of conviction against a person sought for the enforcement of a sentence; and

(f) a statement that a request for extradition for the person sought will follow.

3. The Requesting State shall be notified without delay of the disposition of its application and the reasons for any denial.

4. If the person whose extradition is sought is held under provisional arrest by the Requested State, the Requesting State may satisfy its obligation to transmit its request for extradition and supporting documents through the diplomatic channel pursuant to Article 9, by submitting the request and documents to the Embassy of the Requested State located in the Requesting State. In that case, the date of receipt by the Embassy shall be considered to be the date of receipt by the Requested State for purposes of applying the time limit that must be met under paragraph 5 of this Article in order to enable the person's continued detention.

8

5. A person who is provisionally arrested shall be discharged from custody upon the expiration of sixty (60) days from the date of provisional arrest pursuant to this Treaty if the executive authority of the Requested State has not received the formal request for extradition and the supporting documents required in Article 9.

6. The fact that the person sought has been discharged from custody pursuant to paragraph (5) of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date.

Article 13.
Additional Information

If the Requested State considers that the information furnished in support of a request for extradition is not sufficient to fulfill the requirements of this Treaty, that State may request that additional information be furnished within such a reasonable length of time as it specifies. Such additional information may be requested and furnished directly between the United States Department of Justice and the Ministry of Justice of Poland or through the diplomatic channel.

Article 14
Decision and Surrender

1. The Requested State shall promptly notify the Requesting State of its decision on the request for extradition.

2. If the request is denied in whole or in part, the Requested State shall provide an explanation of the reasons for the denial. The Requested State shall provide copies of pertinent judicial decisions upon request.

3. If the request for extradition is granted, the authorities of the Contracting States shall agree on the time and place for the surrender of the person sought.

4. Surrender of the person sought shall take place within such time as may be prescribed by the laws of the Requested State. If the law of the Requested State does not provide a specific time for surrender, it shall take place within thirty (30) days from the date on which the Requesting State is notified of the decision to extradite.

5. If the person sought is not removed from the territory of the Requested State within the time required under paragraph (4), he may be set at liberty. The Requested State may subsequently refuse to extradite the person sought for the same offense.

9



6. If circumstances beyond its control prevent a Contracting State from timely surrendering or taking delivery of the person to be extradited, it shall notify the other Contracting State before the expiration of the time limit. In such a case the competent authorities of the Contracting States may agree upon a new date for the surrender.

### Article 15
### Convictions in Absentia

If a Contracting State has applied to the other State for extradition of a person convicted in absentia, the executive authority of the Requested State may refuse to surrender the person if it deems that the proceedings in absentia did not ensure the minimum right to defense to which the person charged is entitled. Extradition may be effected, however, if the Requesting State guarantees, in a manner deemed adequate, that the case against the person whose extradition is requested will be reopened, with guaranteed right of defense.

### Article 16
### Temporary and Deferred Surrender

1. If the extradition request is granted in the case of a person who is being prosecuted for an offense other than that for which extradition is sought or is serving a sentence in the territory of the Requested State for an offense other than that for which extradition is sought, the Requested State may temporarily surrender the person sought to the Requesting State for the purpose of prosecution. The person so surrendered shall be kept in custody in the Requesting State and shall be returned to the Requested State after the conclusion of the proceedings against that person, in accordance with conditions to be determined by agreement of the Contracting States.

2. The Requested State may postpone the extradition proceedings against a person who is being prosecuted for the same offense for which that person is sought or any other offense, or who is serving a sentence in that State for an offense other than that for which extradition is sought. The postponement shall continue until the prosecution of the person sought has been concluded or until such person has served any sentence imposed.

### Article 17
### Requests for Extradition or Surrender Made by Several States

1. If the Requested State receives requests from the Requesting State and from any other State or States for the extradition of the same person, either for the same offense or for different offenses, the executive authority of the Requested State shall determine to which State, if any, it will surrender the person.

10

2.If the Republic of Poland receives an extradition request from the United States of America and a request for surrender pursuant to the European arrest warrant for the same person, either for the same offense or for different offenses, its executive authority shall determine to which State, if any, it will surrender the person.

3.In making its decision under paragraphs 1 and 2 of this Article, the Requested State shall consider all of the relevant factors, including, but not limited to, the following:

(a)     whether the requests were made pursuant to a treaty;
(b)     the places where each of the offenses was committed;
(c)     the respective interests of the requesting States;
(d)     the seriousness of the offenses;
(e)     the nationality of the victim;
(f)     the possibility of any subsequent extradition between the requesting States; and
(g)     the chronological order in which the requests were received from the requesting States.

## Article 18
### Seizure and Surrender of Property

1. To the extent permitted under its law, the Requested State may seize and surrender to the Requesting State all articles, documents, and evidence connected with the offense in respect of which extradition is granted. The items mentioned in this Article may be surrendered, to the extent permitted under the law of the Requested State, even when extradition cannot be effected due to the death, disappearance, or escape of the person sought.

2. The Requested State may condition the surrender of the property upon satisfactory assurances from the Requesting State that the property will be returned to the Requested State as soon as practicable. The Requested State may also defer the surrender of such property if it is needed as evidence in the Requested State.

3. The rights of third parties in such property shall be duly respected.

## Article 19
### Rule of Speciality

1. A person extradited under this Treaty may not be detained, prosecuted, sentenced, or punished in the Requesting State except for:

(a) an offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable or is a lesser form of such offense;

11



(b) an offense committed after the extradition of the person; or

(c) an offense for which the executive authority of the Requested State has consented to the person's detention, prosecution, sentencing, or punishment. For the purpose of this subparagraph:

   (i) the Requested State may require the submission of the documents specified in Article 9; and

   (ii) unless the Requested State objects in writing, the person extradited may be detained by the Requesting State for ninety (90) days, or for such longer period of time as the Requested State may authorize, while the request is being processed.

2.   A person extradited under this Treaty may not be extradited to a third State for an offense committed prior to the surrender unless the surrendering State consents.

3.   Paragraphs 1 and 2 of this Article shall not prevent the detention, prosecution, sentencing, or punishment of an extradited person, or the extradition of that person to a third State, if:

(a) that person leaves the territory of the Requesting State after extradition and voluntarily returns to it; or

(b) that person does not leave the territory of the Requesting State within thirty (30) days of the day on which that person is free to leave.

Article 20
Simplified Extradition

If the extradition of a person sought to the Requesting State is not obviously precluded by the laws of the Requested State and provided the person sought irrevocably agrees in writing to his extradition after personally being advised by a judge or competent magistrate of his rights to formal extradition proceedings and the protection afforded by them that he would lose, the Requested State may surrender the person sought without a formal extradition proceeding having taken place. In this case Article 19 shall not be applicable.

Article 21
Transit

1. Either Contracting State may authorize transportation through its territory of a person surrendered to the other State by a third State. A request for transit shall be made through the diplomatic channel or directly between the United States Department of

12

Justice and the Ministry of Justice of the Republic of Poland. The facilities of the International Criminal Police Organization (INTERPOL) may be used to transmit such a request. It shall contain a description of the person being transported and a brief statement of the facts of the case. A person in transit may be detained in custody during the period of transit.

2. No authorization is required where air transportation is being used by one Contracting State and no landing is scheduled on the territory of the other Contracting State. If an unscheduled landing occurs on the territory of the other Contracting State, that Contracting State may require the request for transit as provided in paragraph 1. That Contracting State may detain the person to be transported until the request for transit is received and the transit is effected, so long as the request is received within ninety-six (96) hours of the unscheduled landing.

Article 22
Representation and Expenses

1. The Requested State shall assist, appear in court, and represent the interests of the Requesting State, in any proceeding arising out of a request for extradition.

2. The Requesting State shall bear the expenses related to the translation of documents and the transportation of the person surrendered. The Requested State shall pay all other expenses incurred in that State by reason of the extradition proceedings.

3. Neither State shall make any other pecuniary claim against the other State arising out of extradition procedures under this Treaty.

Article 23
Consultation

1. The United States Department of Justice and Ministry of Justice of the Republic of Poland may consult with each other directly or through the facilities of INTERPOL in connection with the processing of individual cases and in furtherance of maintaining and improving procedures for the implementation of this Treaty.

2. The Requesting State shall, at the request of the Requested State, inform the Requested State of the status of criminal proceedings against persons who have been extradited, and provide a copy of the final and binding decision if one has been issued in the case in question.

13

## Article 24
### Executive Authorities

For the United States of America, the executive authority shall be the Secretary of State or a person designated by the Secretary of State. For Poland, the executive authority shall be the Minister of Justice-Attorney General or a person designated by the Minister of Justice-Attorney General.

## Article 25
### Termination

Either Contracting State may terminate this Treaty at any time by giving written notice to the other Contracting State, and the termination shall be effective six months after the date of the receipt of such notice.

14



MINISTERSTWO SPRAWIEDLIWOŚCI
Departament Współpracy Międzynarodowej
i Praw Człowieka
00 - 950 Warszawa, Al. Ujazdowskie 11
Tel/fax: (+ 48 22) 6280949

Warszawa, January 12, 2015

DWMPC II 073 - 300 / 13 / 15
PG V Oz₁ 825 / 13
Please quote our ref. when responding
UNP : 150112 - 00430

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

Extradition Treaty between the Republic of Poland and the United States of America signed
in Washington on July 10, 1996.
Extradition of a Polish citizen Adam ANTONOWICZ from the United States to Poland
Your reference 95 -100 - 23045


Dear Ms. Rodriguez,


With reference to the request of the District Public Prosecutor's Office in Opole for extradition from the United
States of a Polish citizen Adam ANTONOWICZ , the Ministry of Justice of the Republic of Poland – acting as an
executive authority pursuant to Article 25 of the Treaty - kindly sends enclosed the additional documents
prepared by the requesting authority, which were requested in your aforementioned letter. The documents
have been authorised by the Polish Ministry of Justice according to the aforementioned Extradition Treaty.


Sincerely yours,


Head of Division
Katarzyna Biernacka


Cc:
General Prosecutor's Office
Department of International Cooperation
Ref. PG V Oz₁ 825/13

PROKURATURA OKRĘGOWA
ul. Reymonta 24
45-954 OPOLE, tel. 077 454-20-74

Opole, dnia 27 listopada 2014 roku

Sygnatura akt VI Ds.15/14

(poprzednio VDs.10/05)

Informacja uzupełniająca do wniosku z dnia 8 lipca 2013 roku

o tymczasowe aresztowanie i ekstradycję Adama Kazimierza Antonowicza

Potwierdzam, że w toku czynności przesłuchania świadkowie Krzysztof Niedzielski, Wilhelma Barańska, Tomasz Łosik oraz podejrzana Katarzyna Semba rozpoznali na okazanej im tablicy poglądowej zawierającej wizerunki czterech mężczyzn podejrzanego Adama Antonowicza, znajdującego się na fotografii oznaczonej numerem 3.



Prokurator Okręgowy
w Opolu
Włodzimierz Ostrowski



Certified translation from the Polish language

*Rectangular stamp:*

DISTRICT PROSECUTOR'S OFFICE

ul. Reymonta 24

45-954 OPOLE, tel. 077 454-20-74

Opole, November 27, 2014

File reference number VI Ds 15/14

(previously V Ds. 10/05)

Supplementary information to the request of July 8, 2013 for provisional arrest and

extradition of Adam Kazimierz Antonowicz

I confirm that in the course of the actions of interview, witnesses Krzysztof Niedzielski, Wilhelma Barańska, Tomasz Łosik and suspect Katarzyna Semba identified on a pictorial board presented to them, containing photographs of four males, the suspect Adam Antonowicz, whose photograph was marked with the number 3.

District Prosecutor

in Opole

/-/ illegible signature

Włodzimierz Ostrowski

*Official round seal with the state emblem of the Republic of Poland in the center and the*
*following inscription on the rim: "DISTRICT PROSECUTOR'S OFFICE IN OPOLE"*

*Repertory No. 1261/2014*

*I, the undersigned, Ryszard Pruszkowski, sworn translator of the*
*English language entered on the list of sworn translators of the*
*Minister of Justice hereby certify that the above text is a true and*
*complete translation of the original Polish document.*

*Warsaw, December 9, 2014*

# Tablica poglądowa
# do okazania

01855



**1**



**2**



**3**



**4**





Za zgodność

2 0 -10- 2014   REFERENT

1. ████████████████████████
2. ███████████████████████████████
3. Adam Antonowicz – █████████████
4. █████████████████████████





MINISTERSTWO SPRAWIEDLIWOŚCI
Departament Współpracy Międzynarodowej
i Praw Człowieka
00 - 950 Warszawa, Al. Ujazdowskie 11
Tel/fax: (+ 48 22) 6280949

Warszawa, August 31, 2015

DWMPC II 073 - 300 / 13 / 18
PG V $Oz_1$ 825 / 13
UNP 150831 - 00660
Please quote our ref. when responding

U.S. Department of Justice
Criminal Division
Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

Extradition Treaty between the Republic of Poland and the United States of America signed
in Washington on July 10, 1996.
Extradition of a Polish citizen Adam ANTONOWICZ from the United States to Poland
Your reference 95 -100 - 23045

Dear Ms. Rodriguez,

With reference to the request of the District Public Prosecutor's Office in Opole for extradition from the United States of a Polish citizen Adam ANTONOWICZ , the Ministry of Justice of the Republic of Poland – acting as an executive authority pursuant to Article 25 of the Treaty – kindly sends enclosed the letter of aforementioned requesting authority dated July 27, 2015. The documents have been duly authorised by the Polish Ministry of Justice according to the aforementioned Extradition Treaty.

Sincerely yours,

Head of Division
w/z DAL L.
Kamila Jończyk - Piskorska

Cc:
General Prosecutor's Office
Department of International Cooperation