determine authenticity of the borrower's signatures. He also issued on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg a simplified bill of number 120/VIII/98 of August 14, 1998 documenting fictitious purchase by A███ R█████████ of a 2-weeks' vacation in Turkey for the amount of 10,362 zlotys.

Number 14 - record of interview as a witness of A███ R█████████ of March 13, 2003. From the testimonies of this witness it follows that he never incurred credit from Bank Zachodni Spółka Akcyjna Branch in Namysłów for purchase of vacation in Turkey of total value of 10,000 zlotys, because he was prevented from any foreign travel by lack of passport, difficult financial standing and having three minor children to support. However, the witness admitted that on request of I███ B█████ he gave an acquaintance of hers, who particulars he did not recall, his certificate of employment and earnings at the firm Garbarnia Brzeg, to enable the indicated person to incur credit based on the document. A███ R█████████ at once confirmed the fact of signing of a number of documents, while contesting accuracy of certain personal data of his on the credit contract and authenticity of his signature on the simplified bill issued by Adam Antonowicz on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg, documenting purchase of a tour event in Turkey. The witness never visited the PTTK Travel Agency Branch in Brzeg. Neither did he have any personal contacts with Adam Antonowicz.

Number 15 - record of interview as a suspect of A███ R█████████ of November 07, 2003. From the explanations given by A███ R█████ it follows that on request of I███ B█████ he incurred through the agency of Adam Antonowicz credit in the amount of 10,000 zlotys, which was to be repaid by an acquaintance of I███ B█████ - W█████ C████. Since he never signed receipt of funds from any bank on account of granted credit, he remained convinced that the said credit was not ultimately granted to him. In connection with the foregoing he did not pay any installments.

Number 16 - certified copies of credit documentation in the name of I███ B█████. From these documents it follows that Adam Antonowicz acted as an agent in conclusion by I███ B█████ on August 17, 1998 of a credit contract for the amount of 10,000 zlotys for purchase under an installment sale system of a two-weeks' vacation in Turkey. For he signed a number of documents submitted by I███ B█████, including the credit application and the credit contract of August 17, 1998 as a person authorized to accept the application and determine authenticity of the borrower's signatures. He also issued on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg a simplified bill of number 119/VIII/98 of August 14, 1998 documenting fictitious purchase by I███ B█████ of a 2-weeks' vacation in Turkey for four persons for the amount of 10,362 zlotys.

Number 17 - record of interview as a witness of I███ B█████ of April 26, 1999. From the testimonies of this witness it follows that being difficult financial situation, having obtained information about possibility of arranging by a man by the name of A███ D████ of a cash loan without a need for appearance at a bank, she decided to obtain through his agency from Bank Zachodni Spółka Akcyjna Branch in Namysłów credit in the amount of 10,000 zlotys. The said credit was to be allocated by I███ B█████ for renovation of her dwelling. From the testimonies of this witness it follows that after several weeks from the date of signing and submission of all required documents, A███ D████ gave her on account of the granted credit, having deducted a significant commission, the amount of 6,937 zlotys. I███ B█████ was unable to recall the circumstances of issue by Adam Antonowicz on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg of the presented to her bill constituting proof of alleged purchase by her of a tour event. She was never interested in purchase of any vacation from this travel agency. In view of her poor financial standing, by

the time of the interview she had not repaid any installment of the granted credit. As follows from the effected establishments, I███ B███████ did not have any personal contacts with Adam Antonowicz, for all credit formalities were handled through the agency of A██ D██████, who, as has been determined, acquired for the suspect persons interested in incurring credits bypassing valid procedures. He also transferred to borrowers, who did not have direct contacts with the suspect, cash from the granted credit, from which Adam Antonowicz previously deducted a significant commission.

Number 18 - original credit documentation of W███████ B████████. From these documents it follows that Adam Antonowicz acted as an agent in conclusion by W██████ B███████ on August 10, 1998 of a credit contract for the amount of 2,400 zlotys for purchase under an installment sale system of a two-weeks' vacation in Cyprus for two persons. For he signed a number of documents submitted by W██████ B███████, including the credit application and the credit contract of August 10, 1998 as a person authorized to accept the application and determine authenticity of the borrower's signatures. In turn, on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg the simplified bill of number 112/VIII/98 of August 7, 1998, documenting fictitious purchase by W██████ Ba██████ of a 2-weeks' vacation in Cyprus for two persons for the amount of 4,576 zlotys was issued by co-suspect K██████ D██████, who was not an employee.

Number 19 - record of interview as a suspect of W██████ B███████ of March 28, 2003. From the explanations of this witness it follows that needing cash to pay for a vacation trip, on instigation of her acquaintance of long standing, Adam Antonowicz, she decided to incur from his Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg credit to finance the vacation. From the information given her by the suspect it followed that in order for her to receive credit from Bank Zachodni Spółka Akcyjna Branch in Namysłów it was necessary to issue a bill documenting purchase of a tour event. When W██████ B███████ consented to the above, Adam Antonowicz issued on behalf Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg a fictitious bill confirming alleged purchase vacation in Cyprus for two persons of total value of 4,576 zlotys. W██████ B███████ confirmed the fact of apposing personal signatures on the credit documentation presented to her, which was drafted on behalf of the travel agency by Adam Antonowicz. However she categorically denied using for the purpose of obtaining said credit a certificate of employment and earnings from Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej in Brzeg of August 6, 1998, confirming the fact of its forgery. For she was never employed in position of President of the Board of Directors of the branch office with monthly compensation of 2,120 zlotys. The function she fulfilled at the Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej was a pro bono function, entailing no financial remuneration. W██████ B███████ contested also the fact of issue on April 30, 1998 of the presented to her certificate of employment and earnings of Adam Antonowicz at the aforementioned society, maintaining that her signature on this document had been forged, all the more that the suspect was never an employee of the tourist organization she represented.

Number 20 - record of interview as a suspect of W██████ B███████ of November 06, 2003. From the explanations of W██████ B███████ it follows that her signature on the certificate of employment and earnings issued on August 6, 1998 in the name of the mother of the suspect H███ A████████ by Polskie Towarzystwo Turystyczno-Krajoznawcze Oddział Ziemi Brzeskiej in Brzeg was forged.



Number 21 - certified copies of credit documentation in the name of █████ ██████. From these documents it follows that Adam Antonowicz acted as an agent in conclusion by █████ ██████ on July 20, 1998 of a credit contract for the amount of 9,000 zlotys for purchase under an installment sale system of a two-weeks' vacation in Thailand. For he signed a number of documents submitted by █████ ██████, including the credit application and the credit contract of August 10, 1998 as a person authorized to accept the application and determine authenticity of the borrower's signatures. He also issued on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg a simplified bill of number 59/VII/98 of July 17, 1998 documenting fictitious purchase by █████ ██████ of a 2-weeks' vacation in Thailand for three persons for the amount of 10,631.16 zlotys.

Number 22 - record of interview as a witness of █████ ██████ of April 26, 1999. From the testimonies of this witness, who is related to the suspect Adam Antonowicz, it follows that she incurred in 1998 through the agency of Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg credit in the amount of 9,000 zlotys, which according to the submitted declaration was to be allocated for payment of vacation trip to Thailand. For this purpose she signed all required credit documents, which she submitted to Bank Zachodni Spółka Akcyjna Branch in Namysłów through the travel agency. According to the declaration of █████ ██████, she was to accompanied during the said vacation by her nephew and his wife, for whom she financed a trip worth a total of 10,631.16 zlotys. In view of the fact that several days prior to the scheduled departure █████ ██████ fell ill, she was forced to resign from the Thailand vacation, and so did the other participants of the tour. █████ ██████ was unable to indicate a specific location of her holiday stay in Thailand, or confirm the fact of having obtained an entry visa. According to her testimonies, in view of the fact that her resignation occurred at short notice before the scheduled departure, she did not obtain any refund of expenses incurred for purchase of this tour event, nevertheless effecting systematic repayment of the incurred credit.

Number 23 - certified copies of credit documentation in the name of █████ ██████. From these documents it follows that Adam Antonowicz acted as an agent in conclusion by █████ ██████ on August 13, 1998 of a credit contract for the amount of 3,700 zlotys for purchase under an installment sale system of a two-weeks' vacation in Halkidiki. For he signed a number of documents submitted by █████ ██████, including the credit application and the credit contract of August 13, 1998 as a person authorized to accept the application and determine authenticity of the borrower's signatures. He also issued on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg a simplified bill of number 113/VIII/98 of August 11, 1998 documenting fictitious purchase by █████ ██████ of a 2-weeks' vacation in Halkidiki for two persons of total value of 4,256.80 zlotys.

Number 24 - record of interview as a suspect of █████ ██████ of November 07, 2003. From the explanations of this witness it follows that she had never been on vacation in Halkidiki, confirming at once that she had filled out and signed all of the credit documents presented to her, concerning the credit contract of August 13, 1998. All formalities connected with obtaining of the said credit were arranged by █████ ██████ through the agency of individuals recommended to her by her neighbor █████ ██████, whose particulars she was unable to recall. As has been established, the witness never visited Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg and the credit granted to her was reduced by 700 zlotys on account of commission and expenses of persons participating in obtaining thereof. Although she had no direct personal contact with the suspect Adam Antonowicz, there is no doubt that it was through his agency that she obtained the mentioned credit, bypassing the valid procedures in place.



Number 25 - certified copies of credit documentation in the name of K████ D████. From these documents it follows that Adam Antonowicz acted as an agent in conclusion by K████ D████ on April 27, 1998 of a credit contract for the amount of 4,000 zlotys for purchase under an installment sale system of a two-weeks' vacation in Zakopane. For he signed a number of documents submitted by K████ D████, including the credit application and the credit contract of April 27, 1998 as a person authorized to accept the application and determine authenticity of the borrower's signatures. He also issued on behalf of Firma Handlowo - Usługowa Biuro Podróży PTTK Branch in Brzeg a simplified bill of number 11/IV/98 of April 27, 1998 documenting fictitious purchase by K████ D████ of a 2-weeks' vacation in Zakopane for three persons of total value of 4,200 zlotys.

Number 26 - record of interview as a suspect of K████ S████ formerly D████ of August 07, 2003. From the explanations of K████ S████ it follows that she purchased for her family from Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg a trip to Zakopane, which through the agency of her close friend Adam Antonowicz was credited by Bank Zachodni Spółka Akcyjna Branch in Namysłów. She also confirmed the fact of signing personally all of the credit documents presented to her. However, she was unable to provide any details of the trip, because she did not take part in it due to being unable to obtain leave from work. In this connection, in her place a friend K████ Z████ went for vacation with her family. From the establishments made in the course of the said investigation it follows, however, that the commercial documentation of Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg contained also another bill of the same number 11/IV/98, but dated April 1, 1998 in the name of A██ Z███. This bill documented actual purchase by A██ Z███ of a tour service in the form of an excursion to Lithuania worth 300 zlotys, which additionally confirms the fact of issue by Adam Antonowicz on April 27, 1998 of an unreliable and certifying untruth bill in the name of K████ S████.

Although K████ S████ was never employed at Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg, she did not see anything inappropriate in the fact of signing her name on documents issued on behalf of this travel agency, for she often spent time there being in close social relations with the suspect. According to K████ S████, probably in absence of Halina and Adam Antonowicz at the office she received an oral authorization from the suspect to issue the bill of number 112/VIII/98 of August 7, 1998 in the name of W████ B████, documenting her purchase for the amount of 4,576 zlotys of a service in the form of vacation in Cyprus.

Number 27 - record of interview as a witness of K████ Z████ of September 26, 2003. From the testimonies of this witness it follows that in 1998 she did no go for vacation to Zakopane on invitation of the D████ family.

Number 28 - record of interview as a witness of C████ Z████ of August 26, 2003. From the testimonies of this witness it follows that she rules out the fact of her daughter K████ Z████ traveling for vacation to Zakopane with the D████ family. She never used the services of Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg.

Number 29 - record of interview as a witness of A████ W████ of April 25, 2003. From the testimonies of this witness, who at the time of the acts alleged to the personally known to him Adam Antonowicz was the employer of K████ S████, it follows that in contrast to her claims, his Towarzystwo Inwestycyjno - Finansowe (Investment - Financial Society) was never involved in verification of credit documents of customers of Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg. This witness also confirmed that in view of close proximity of both businesses, K████ S████ was a frequent guest of Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg and Adam Antonowicz.

Number 30 - original credit documentation in the name of Adam Antonowicz. From these documents it follows that Adam Antonowicz through the agency of the firm KLN Pośrednictwo Kredytowe K█████ N█████ with its registered office in Kluczbork concluded on May 6, 1998 a credit contract for the amount of 3,500 zlotys for purchase under an installment sale system of a vacation in Tunisia. For he personally signed his name as borrower to a number of credit documents, including the credit application and credit contract of May 6, 1998. For the purpose of obtaining the credit in question, he also used a simplified bill issued by Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg of number 19/V/98 of April 27, 1998, on which the signature of A██ L████ was forged in the place of the issuer. This bill documented fictitious purchase by Adam Antonowicz of a 2-weeks' vacation in Tunisia for two persons of total value of 3,568 zlotys.

Number 31 - record of interview as a witness of A██ L████ of July 29, 2003. From the testimonies of this witness it follows that in the period from June 1998 through August 1998 she was unofficially employed at Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg helping H████ and Adam Antonowicz in sale of tour offers. From the testimonies of this witness it follows that she was never authorized to issue bills on behalf of this agency. Regarding the shown to her simplified bill of number 19/V/98 of April 27, 1998 in the name of Adam Antonowicz she represented that the signature reading A██ L████ was clearly forged, all the more as she did not commence work until June 1998. Anna Lubczyk also testified that the credit incurred by K█████ D████ was right from the start intended for renovation of her apartment and not for purchase of the alleged vacation trip to Zakopane.

Number 32 - original credit documentation in the name of H████ A█████. From these documents it follows that H████ A█████ concluded on August 7, 1998 through the agency of the firm KLN Pośrednictwo Kredytowe K█████ N█████ with its registered office in Kluczbork a credit contract for the amount of 10,000 zlotys for purchase under an installment sale system of a vacation in Tenerife. For she personally signed her name as borrower to a number of credit documents, including the credit application and credit contract of August 07, 1998. For the purpose of obtaining the credit in question, H████ A█████ also used a simplified bill issued by Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg of number 109/VIII/98 of August 06, 1998, which was signed in the place of the issuer by K█████ D████, not employed there. This bill documented fictitious purchase by Halina  Antonowicz of a 2-weeks' vacation in Tenerife for three persons of total value of 10,797 zlotys. Further, H████ A█████ used a forged and certifying untruth certificate of employment and earnings at Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej in Brzeg of August 6, 1998, on which the signature of the manager of the facility - W████ B████ - was forged.

Number 33 - record of interview as a witness of H████ A█████ of April 03, 2003. From the testimonies of this witness it follows that the business under the name Firma Handlowo - Usługowa Biuro Podróży PTTK was operated by H████ A█████ from April 1997 through September 30, 1998 in Brzeg at Sukiennice 2. The purpose of business of this firm was domestic and foreign tourism travel agency. Established proxies of this Travel Agency were the sister of the aforementioned B████ B█████ and her two sons Adam and J████ Antonowicz. The witness categorically denied ever having employed at her firm persons named K█████ D████ or A██ L████, whose signatures were found on the issued on behalf of her Travel Agency bills of purchase of tour events by Adam Antonowicz and W████ B████.



Number 34 - record of interview as a witness of W████ C████ of May 09, 2003. This witness, serving on the date of the interview as pro bono treasurer of Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej denied having ever issued a certificate of employment and earnings in the name of W████ B████ of August 6, 1998, confirming at once authenticity of the seals of the Society found on the document. The witness also confirmed the fact of forgery of his signature on the certificate presented to him.

Number 35 - record of search of the apartment at Robotnicza 18/9 in Brzeg occupied by Adam Antonowicz and H████ A████, conducted on March 31, 2003. In the course of this action, commercial documentation and books of account were secured, concerning the operated by H████ A████ Firma Handlowo - Usługowa Biuro Podróży PTTK in Brzeg.

Number 36 - expert opinion in the scope of forensic examination of handwriting and documents of October 17, 2003. This piece of evidence indicates that the contested in the course of the investigation signatures of A████ L████, W████ C████, W████ B████ and K████ S████ were forged. At the same time they were not drafted by Adam Antonowicz.

Number 37 - record of interview of Adam Antonowicz as a suspect of May 11, 1999. From the explanations of Adam Antonowicz, in the course of which he pleaded not guilty to all charges then pressed against him, it follows that having learned about possibility of credit sales of tourism services and about the procedures valid in this scope, in the scope of which he was trained by K████ N████, he effected sale under an installment system of several dozen vacation tours. The suspect denied consciously participating a criminal scheme. For at the time of initiation of credit procedure he was not aware that a number of persons, who through his agency intended to incur credit from Bank Zachodni Spółka Akcyjna Branch in Namysłów actually right from the start intended to allocate the obtained funds for other purposes than the tour events offered by Firma Handlowo - Usługowa Biuro Podróży PTTK. At the same time the suspect explained that in case of resignation by borrowers from the purchased vacations he would give them cash on account of credit granted for financing of a specific tour on instructions of K████ N████. Adam Antonowicz admitted at once that he would deduct a 10 percent commission from the credit amount given to the borrowers, as well as another unspecified percentage that he described as so-called „hot cash". The suspect also denied knowing that a number of documents used by the borrowers were unreliable or forged.

Number 38 - record of interview of Adam Antonowicz as a suspect of March 20, 2000. From the explanations of Adam Antonowicz, in the course of which he pleaded not guilty to the pressed charges and which fully correspond to the explanations given on May 11, 1999, the suspect corrected the number of tourism services sold on credit from several dozen to between ten and twenty, admitting that a condition for granting of credit was purchase of a tourism service.

Number 39 - record of interview of Adam Antonowicz as a suspect of January 17, 2003. This piece of evidence points to the fact that the suspect on the date of interview pleaded not guilty of perpetration of any of the acts alleged to him at the time, denying at once conscious participation in the criminal scheme. For from the explanations of the suspect it follows that each of the persons effecting purchase of tourism events from his travel agency did not inform him of intent to resign from travel promptly upon granting of credit for the purpose of obtaining cash. Adam Antonowicz also explained that he did not conclude with either Bank

Zachodni Spółka Akcyjna Branch in Namysłów or the firm KLN Pośrednictwo Kredytowe K█████f N█████████ any agreement on cooperation in the scope of credit agency, restricting himself solely to physical preparation of documents in line with the guidelines provided to him by Krzysztof Niedzielski.

Number 40 - record of interview as a suspect of A███ D███ of August 07, 2003. From the explanations of A███ D███, who within the framework of this investigation remains charged with perpetration jointly and in agreement with Adam Antonowicz of offenses of obtaining under false pretenses credits incurred in the names of M██ K█████ and Irena Bałabuch, it follows that he pleaded not guilty to all charges and subsequently exercised his right to refuse to provide explanations.

Number 41 - written information of the manager of the Consular Department of the Embassy of the Republic of Poland in London of October 27, 2009. From the information in question, which constitutes also notice of an offense, it follows that on September 28, 2009 Adam Kazimierz Antonowicz in connection with expiry of validity of passport of series BM number █████629 submitted to the Embassy of the Republic of Poland in Seoul an application for issue of a new passport. In view of the fact that with respect to Adam Antonowicz by decision of the Regional Court in Opole of April 22, 2005, file reference number II Kp 105/05 a preventive measure was applied in the form of provisional arrest, whereas the Prosecutor of the District Prosecutor's Office in Opole by decision of July 16, 2003 applied with respect to him a preventive measure in the form of a ban on leaving the country combined with seizure of passport, Adam Antonowicz was denied issue of a passport.

In turn, on October 13, 2009 J███ A███ A██████ submitted to the Consulate General of the Republic of Poland in Sao Paulo an application for issue of a provisional passport in connection with damage of the previous passport of series AM and number███361 issued by the Opole Voivode on January 16, 2006. The consul in Sao Paulo issued to the applicant a provisional passport of series PA and number███012 valid from October 16, 2009 through June 16, 2010.

Holding a provisional passport, J███ A███ A██████ on October 20, 2009 applied for issue of a new 10-year passport to the Consular Department of the Embassy of the Republic of Poland in London. The Consul in London on the basis of the available in the database of the Central Records of Issued and Lost Passports photograph of J███ A███ A██████ from the passport of series AM and number███361 and the photograph placed in the passport of series PA and number███012 issued by the Consul in Sao Paulo found that the likenesses were not of the same individual. He further discovered that the signature specimens of the passport holder did not match. In connection with suspicion of perpetration of an offense, on October 20, 2009 copies of passport applications of J███ and Adam Antonowicz were obtained form the Voivodship Office in Opole, determining that the person posing as J███ A███ A██████ who submitted an application at the Consulate General of the Republic of Poland in Sao Paulo and subsequently received a provisional passport of series PA and number███012 with his photograph was Adam Kazimierz Antonowicz. Similarly, Adam Kazimierz Antonowicz provided false particulars on October 20, 2009 in the application for issue of a 10-year passport submitted at the Consular Department of the Embassy of the Republic of Poland in London.

Number 42 - written explanations of the Consul General in Sao Paulo of November 10, 2009. From the information sent by the Consul General in Sao Paulo Jacek Such it follows that Adam Kazimierz Antonowicz posing as ▓▓ ▓▓ ▓▓▓ appeared at the local consulate on October 13, 2009, for the purpose of applying for issue of a new provisional passport. During conversation with the vice-consul T▓▓ L▓ he presented the allegedly only identity document in his possession in the form of a damaged passport of series AM number ▓361 in the name of his brother ▓▓ ▓▓ ▓▓▓. The said document had the photograph page cut up and several further pages torn out. The applicant justified the necessity of urgent issue of a new passport with a need for traveling to Great Britain where he resided at the time. To the filled out passport application Adam Antonowicz attached two photographs of himself. From the explanations of the Consul of the Republic of Poland in Sao Paulo it also follows that in view of the fact that the page containing passport details with the photograph was partially destroyed, and further there was clear similarity between the applicant and the passport holder, the consul accepting the application had no grounds for suspicion as to the identity of the applicant. In connection with impossibility of electronic verification of personal data of the citizen in the passport system of the Ministry of Internal Affairs and Administration, the consul o October 15, 2009 sent a fax to the Voivodship Office in Opole with a request for confirmation of personal and passport data of the applicant. On the following day, upon receipt from the Voivodship Office in Opole of confirmation of personal data of the applicant and information on lack of reservations as to issue of a passport, Adam Antonowicz was issued a provisional passport PA ▓▓012, valid through June 16, 2010 in the name of ▓▓ ▓▓ ▓▓▓. To the explanations in question, the consul attached the original documents used by Adam Antonowicz, that is the damaged passport of series AM no. ▓▓361 in the name of ▓▓ ▓▓ ▓▓▓, the application for issue of a provisional passport, the statement on destruction of a passport document and a copy of the fax message from the Voivodship Office in Opole of October 16, 2009, which in view of the fact of forgery of signatures and provision of untrue personal data were considered material evidence.

Number 43 - written information of the Consul of the Republic of Poland in Seoul of November 13, 2009. From this information it follows that Adam Antonowicz on September 28, 2009 called at the consular post in Seoul with an application for issue of a provisional passport. For he was planning to travel to China on the following day, while his passport of series BM number ▓629 was due to expire too soon. In view of obtaining from the Voivodship Office in Opole of information regarding the applicant's listing in the register of individuals barred from issue of a passport, he was denied issue of a provisional passport, suggesting that he return to Poland before expiry of his current passport, which was specified as October 21, 2009.

Number 44 - decision of the Opole Voivode of December 31, 2009 in the matter of invalidation of the passport of series PA number ▓012 issued on October 16, 2009 by the Consul of the Republic of Poland in Sao Paulo, valid through June 16, 2010 in the name of ▓▓ ▓▓ ▓▓▓.

Number 45 - record of interview as a witness of ▓▓ ▓▓ ▓▓▓ of December 11, 2009. From the testimonies of this witness it follows that he does not know how he lost the passport of series AM and number ▓361, or in what circumstances and by whom the document was destroyed. He also denied applying for a provisional passport at the Consulate of the Republic of Poland in Sao Paulo as well as for a 10-year passport at the Embassy of the Republic of Poland in London.

Number 46 - expert opinion in the scope of forensic examination of handwriting and documents of February 25, 2010. From this expert opinion it follows unequivocally that all the contents signatures of the contents „Antonowicz" apposed on applications for issue of a provisional passport and on statements of destruction of a passport submitted both at the Consulate of the Republic of Poland in Sao Paulo and at the Embassy of the Republic of Poland in London were drafted by Adam Kazimierz Antonowicz.

The offenses alleged to Adam Kazimierz Antonowicz carry the following maximum penalties:

- the act described in count I - penalty of imprisonment from 3 months up to 5 years

- the act described in count II - penalty of a fine, limitation of liberty or imprisonment from 3 months up to 5 years

- the act described in count III - penalty of a fine, limitation of liberty or imprisonment from 3 months up to 5 years.

The statute of limitations regarding the offenses alleged to Adam Kazimierz Antonowicz will expire

- for the act described in count I of the decision on presentation of charges on August 17, 2018

- for the act described in count II of the decision on presentation of charges on October 16, 2029

- for the act described in count III of the decision on presentation of charges on October 20, 2029.

The investigation in question has not been concluded to date, because all procedural actions with participation of the suspect Adam Kazimierz Antonowicz have not been performed, as he has been absconding from law enforcement authorities since the year 2005.

However, with respect to almost all other co-suspects, the criminal proceedings have been concluded with valid convictions. K███ N██████ by judgment of the District Court in Opole of August 14, 2009 of file reference number III K 163/06 was sentenced to 2 years of imprisonment with conditional suspension of enforcement for a probation period of 4 years. In turn, I██ B██████ was sentenced by judgment of the Regional Court in Brzeg of September 27, 2002, file reference number II K258/01 to 1 year of imprisonment with conditional suspension of enforcement for a probation period of 3 years, whereas M██ K██████ and A███ R██████ by judgments of the same Court were sentenced to 5 months of imprisonment each with conditional suspension of enforcement for a probation period of 2 years.

Without procedural appearance of Adam Antonowicz it is impossible to conclude proceedings with respect to co-suspects A███ D███ and K██████ S███ in view of a need for conduct of a confrontation between these individuals.

Since May 4, 2005, Adam Kazimierz Antonowicz has been sought under a wanted person notice.

The search activities in the case have not yielded positive results.



In the course of the search activities conducted for Adam Antonowicz it was determined that the suspect was not staying at his regular place of domicile, and no other location of his stay in Poland has been revealed.

Considering numerous pieces of information recording the stay of Adam Kazimierz Antonowicz in countries of Europe, North and South America and the long duration of ineffective search in Poland, it is indisputable that he is absconding abroad.

Based on the determinations made in the case in question, on request of the District Prosecutor's Office in Opole, the Regional Court in Opole by decision of April 22, 2005 of file reference number II Kp 105/05 applied with respect to Adam Antonowicz a preventive measure in the form of provisional arrest for a period of 7 days from the date of apprehension. In turn, by decision of this Court of April 18, 2012, file reference number II Kp 125/12, an isolating preventive measure was applied with respect to this suspect for a period of 14 days from the date of apprehension regarding all supplemented charges currently pressed against Adam Antonowicz. Subsequently, a wanted person notice was put out on the above-mentioned and an international search was instituted for him, provided that he has been sought without interruption since 2005.

By letter of February 20, 2012 the international search for Adam Antonowicz was expanded to include the territory of the United States of America.

Provisional arrest of the suspect and a search for him under a wanted person notice under article 258 and 279 of the Code of Criminal Procedure may take place inter alia if he is absconding or has no permanent domicile in Poland.

Both these circumstances occurred in the case of the suspect Adam Antonowicz.

From the information obtained by the International Police Cooperation Bureau of the National Police Headquarters it follows that the suspect Adam Kazimierz Antonowicz is currently staying in the territory of the United States of America, where he was pulled over for traffic inspection. He identified himself to the local Police with an invalidated Polish passport and a driver license issued by the authorities of the State of California of number ███████720, from which it further follows that he resides at the address ███████████.

In connection with the circumstances presented above, I request provisional arrest and extradition of the suspect to Poland.

I further assure that Adam Kazimierz Antonowicz shall not, without consent of the authorities of the United States of America, be prosecuted for offenses not covered by the present request, and shall not be surrendered to authorities of any other state.

*Oblong stamp:*
District Prosecutor
*/-/ illegible signature*
Włodzimierz Ostrowski

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

Enclosed herewith please find certified extracts the following documents:

1.  extract of the latest decision of the Regional Court in Opole of April 18, 2012, file reference number II Kp 125/12 on provisional arrest of Adam Antonowicz,

2.  extract of the latest decision of the District Prosecutor's Office in Opole of April 23, 2012 on searching for the suspect under a wanted person notice and of the wanted person notice,

3.  copies of photographs of Adam Antonowicz,

4.  copies of fingerprints of Adam Antonowicz,

5.  excerpt from regulations of the Criminal Code and of the Act of October 12, 1994 on protection of business and amendment of certain provisions of criminal law.

6.  certification of possession of Polish citizenship by Adam Antonowicz of June 11, 2012.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4.".



23

*Oblong stamp:*
The decision is enforceable
Judge
/-/ illegible signature

**001651**

File reference number II Kp 125/12

## DECISION

April 18, 2012

The **Regional Court in Opole - II Criminal Department** in the following constitution:

Presiding Judge: JRC Piotr Wieczorek
Reporter: court clerk Barbara Świerczek
With participation of Prosecutor of the District Prosecutor's Office in Opole - M████████
S████

having considered
**in the matter of Adam Antonowicz**
on motion of the District Prosecutor's Office in Opole
in the matter of: application of provisional arrest for a period of 14 days by virtue of art. 258§1 point 1 of the Code of Criminal Procedure

suspected of the following:

I.  In the period from April 27, 1998 through August 17, 1998 in Brzeg, jointly and in agreement with other individuals, for the purpose of obtaining from Bank Zachodni SA in Wrocław Branch in Namysłów for himself and others bank credits intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK (Travel Agency)" with its registered office in Brzeg, of which he was a plenipotentiary, of tourism events abroad and in Poland, he submitted through the agency of K████ N████████ - owner of the firm KLN Pośrednictwo Kredytowe (Credit Agency) with its registered office in Kluczbork to the aforementioned bank unreliable and forged documents material for obtaining of credits, acting to the detriment of Bank Zachodni SA Branch in Namysłów, and so:

1.  On April 27, 1998 in Brzeg, for the purpose of obtaining by K████ D████ of a bank credit in the amount of 4,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Zakopane, he submitted through the agency of K████ N████████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of K████ D████ concerning circumstances material for obtaining of the credit by her in the form of:

    -   application of April 27, 1998 for granting of credit for installment purchase of service in the form of a 2-weeks' vacation in Zakopane, in the amount of 4,000 zlotys from the firm FHU Biuro Podróży PTTK with its registered office in Brzeg,

- credit contract of April 27, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower K████ D████ for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Zakopane worth 4200 zlotys,

- simplified bill of number 11/IV/98 of April 27, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg for K████ D████, documenting purchase of a 2- weeks' vacation in Zakopane for four persons worth 4200 zlotys

which contained untrue information regarding the allocation of credit, since the credited service actually did not take place, and in view of the fact that the afore-mentioned firm issued another bill of the same number dated April 1, 1998 in the name of A███ Z███, documenting purchase of service in the form of an excursion to Lithuania worth 300 zlotys

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2.".

<table>
<tr><td>*Oblong stamp:*</td><td>*Oblong stamp:*</td></tr>
<tr><td>For conformity<br>11-07-2013<br>Opole, date</td><td>REFERENDARY<br>*/-/ illegible signature*<br>*Urszula Skowronek*</td></tr>
</table>

2. On May 06, 1998 in Brzeg, for the purpose of obtaining by himself of a bank credit in the amount of 3,500 zlotys, intended for purchase under an installments system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Tunisia, he submitted to the aforementioned bank through the agency of K████ N████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork unreliable documents concerning circumstances material for obtaining of the credit in the form of:

  ➢ application of May 5, 1998 for granting of credit in the amount of 3,500 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Tunisia from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

  ➢ simplified bill of number 19/V/98 of April 27, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by Adam Antonowicz of a 2- weeks' vacation in Tunisia, worth 3,568 zlotys,

  ➢ credit contract of May 06, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower Adam Antonowicz for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Tunisia for two persons in the amount of 3,500 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place, and

> ➢ a certifying untruth certificate of April 30, 1998 of employment and earnings of Adam Antonowicz at Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej, on which another person forged the signature of the President of the Branch Office - W████ B█████, while in reality he was not employed by this institution,

3. On April 20, 1998 in Brzeg, for the purpose of obtaining by B████ B█████ of a bank credit in the amount of 9,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Thailand, he submitted through the agency of K██████ N█████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of B████ B█████ concerning circumstances material for obtaining of the credit by her in the form of:

> ➢ application of July 17, 1998 for granting of credit to B████ B█████ in the amount of 9,000 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Thailand from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

> ➢ simplified bill of number 9/VII/98 of July 17, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by B████ B█████ of a 2- weeks' vacation in Thailand, worth 10,631.16 zlotys,

> ➢ credit contract of July 20, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower B████ B█████ for purchase under an installment system of service in the form of a 2-weeks' vacation in Thailand in the amount of 9,000 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

<table>
<tr><td>*Oblong stamp:*</td><td>*Oblong stamp:*</td></tr>
<tr><td>For conformity<br>11-07-2013<br>Opole, date</td><td>REFERENDARY<br>*/-/ illegible signature*<br>*Urszula Skowronek*</td></tr>
</table>

**001652**

4. On August 4, 1998 in Brzeg, acting for the purpose of obtaining by P████ M█████ of a bank credit in the amount of 2,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Spain, he submitted through the agency of K██████ N█████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of P████ M█████ concerning circumstances material for obtaining of the credit by him in the form of:

> ➢ application of July 28, 1998 for granting of credit to P████ M█████ in the amount of 2,000 zlotys for purchase under an installments sale system of service

in the form of a vacation in Spain from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

➢ simplified bill of number 98/VII/98 of July 28, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by P█ M█████ of a 2- weeks' vacation in Spain, worth 2,500 zlotys,

➢ credit contract of August 4, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower P█ M██████ for purchase under an installment system of service in the form of a 2-weeks' vacation in Spain in the amount of 2,000 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

5. On August 4, 1998 in Brzeg, acting for the purpose of obtaining by J████ K█████ of a bank credit in the amount of 10,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Majorca, he submitted through the agency of K█████ N██████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of J█████ K█████ concerning circumstances material for obtaining of the credit by her in the form of:

➢ application of August 3, 1998 for granting of credit to J██████ K██████ in the amount of 10,000 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Majorca from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

➢ simplified bill of number 101/VII/98 of July 31, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by Jadwiga Konieczna of a 2- weeks' vacation in Majorca for four persons worth 11,176.36 zlotys

➢ credit contract of August 4, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower J█████ K█████ for purchase under an installments sale system of service in the form of a 2-weeks' vacation in Majorca in the amount of 10,000 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

6. On August 7, 1998 in Brzeg, acting for the purpose of obtaining by H█ A████████ of a bank credit in the amount of 10,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Tenerife, he submitted through the agency of K█████ N██████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of H█ A█████ concerning circumstances material for obtaining of the credit by her in the form of:

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim: "DISTRICT PROSECUTOR'S OFFICE IN OPOLE.2"*

*Oblong stamp:*

For conformity
11-07-2013
Opole, date

*Oblong stamp:*

REFERENDARY
*/-/ illegible signature*
*Urszula Skowronek*

> application of August 6, 1998 for granting of credit to H█ A█ in the amount of 10,000 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Tenerife from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

> simplified bill of number 109/VIII/98 of August 6, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by H█ A█ of a 2- weeks' vacation in Tenerife, worth 10,797 zlotys,

> credit contract of August 7, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower H█ A█ for purchase under an installments sale system of service in the form of a 2-weeks' vacation in Tenerife in the amount of 10,000 zlotys,

> certificate of August 6, 1998 of employment and earnings of H█ A█ at Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej, on which another person forged the signature of the President of the Branch Office - W█ B█,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

7. On August 10, 1998 in Brzeg, acting for the purpose of obtaining by W█ B█ of a bank credit in the amount of 2,400 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Cyprus, he submitted through the agency of K█ N█ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of W█ B█ concerning circumstances material for obtaining of the credit by her in the form of:

> application of August 7, 1998 for granting of credit to W█ B█ in the amount of 2,400 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Cyprus from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

> simplified bill of number 112/VIII/98 of August 7, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by W█ B█ of a 2- weeks' vacation in Cyprus, worth 4.576.00 zlotys,

> credit contract of August 10, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower W█ B█ for purchase under an installments sale system of service in the form of a 2-weeks' vacation in Cyprus in the amount of 2,400 zlotys,



> a certifying untruth certificate of August 6, 1998 of earnings of W█████ B█████ at Polskie Towarzystwo Turystyczno - Krajoznawcze Oddział Ziemi Brzeskiej, on which another person forged the signature of the treasurer - W█████ C█████,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

8.  On August 13, 1998 in Brzeg, acting for the purpose of obtaining by E██ K██████ of a bank credit in the amount of 3,700 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Greece - Halkidiki, he submitted through the agency of K█████ N█████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of E█ K█████ concerning circumstances material for obtaining of the credit by her in the form of:

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

|  | |
|---|---|
| *Oblong stamp:* | *Oblong stamp:* |
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | *Urszula Skowronek* |

**001653**

> application of August 12, 1998 for granting of credit to E██ K██████ in the amount of 3,700 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Greece - Halkidiki from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

> simplified bill of number 113/VIII/98 of August 11, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by Ewa Kasprzyk of a 2- weeks' vacation in Greece - Halkidiki, worth 4256.80 zlotys,

> credit contract of August 13, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower E██ K██████ for purchase under an installments sale system of service in the form of a 2-weeks' vacation in Greece - Halkidiki in the amount of 3,700 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

9.  On August 13, 1998 in Brzeg, acting for the purpose of obtaining by M███ K██████ of a bank credit in the amount of 10,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Malta, he submitted through the agency of K█████ N█████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of M███ K█████ concerning circumstances material for obtaining of the credit by her in the form of:

> application of August 12, 1998 for granting of credit to M███ K███ in the amount of 10,000 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Malta from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

> simplified bill of number 115/VIII/98 of August 11, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by M███ K███ of a 2- weeks' vacation in Malta, worth 10,890.46 zlotys,

> credit contract of August 13, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower M███ K███ for purchase under an installments sale system of service in the form of a 2-weeks' vacation in Malta in the amount of 10,000 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

10. On August 17, 1998 in Brzeg, acting for the purpose of obtaining by A███ R███ of a bank credit in the amount of 10,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Turkey, he submitted through the agency of K███ N███ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of A███ R███ concerning circumstances material for obtaining of the credit by him in the form of:

> application of August 14, 1998 for granting of credit to A███ R███ in the amount of 10,000 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Turkey from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

| *Oblong stamp:* | *Oblong stamp:* |
|---|---|
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | *Urszula Skowronek* |

> simplified bill of number 120/VIII/98 of August 14, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by A███ R███ of a 2- weeks' vacation in Turkey worth 10,362.80 zlotys,

> credit contract of August 17, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower A███ R███ for purchase under an installment system of service in the form of a 2-weeks' vacation in Turkey in the amount of 10,000 zlotys,

which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

11.  On August 17, 1998 in Brzeg, acting for the purpose of obtaining by I███ B██████ of a bank credit in the amount of 10,000 zlotys, intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK" with its registered office in Brzeg of a 2 - weeks' vacation in Turkey, he submitted through the agency of K████ N██████████ - owner of the firm KLN Pośrednictwo Kredytowe with its registered office in Kluczbork to the aforementioned bank unreliable documents in the name of I███ B██████ concerning circumstances material for obtaining of the credit by her in the form of:

   ➢  application of August 14, 1998 for granting of credit to I███ B██████ in the amount of 10,000 zlotys for purchase under an installments sale system of service in the form of a 2 - weeks' vacation in Turkey from the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg,

   ➢  simplified bill of number 119/VIII/98 of August 14, 1998 issued by the firm "FHU Biuro Podróży PTTK" with its registered office in Brzeg, documenting fictitious purchase by I███ B██████ of a 2- weeks' vacation in Turkey, worth 10,362.80 zlotys,

   ➢  credit contract of August 17, 1998 concluded by Bank Zachodni SA Branch in Namysłów with borrower Irena Bałabuch for purchase under an installments sale system of service in the form of a 2-weeks' vacation in Turkey in the amount of 10,000 zlotys,

   which documents contained untrue information concerning allocation of the credit, since the credited service actually did not take place.

   **i.e. an offense under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265 § 1 of the former Criminal Code with application of art.10 § 2 of the former Criminal Code and art. 58 § 1 of the former Criminal Code in connection with art. 4 § 1 of the former Criminal Code.**

II.  In the period from October 13 through 16, 2009 at the Consulate General of the Republic of Poland in Sao Paulo, acting in short time intervals, in execution of a prior intention, for the purpose of obtaining for himself a provisional passport, he deceitfully misled the vice-consul of the afore-mentioned diplomatic post T████ L███ in this way that:

   -  on October 13, 2009 he submitted an application for issue of a passport document, in which he provided untrue personal data of the applicant, and in the place of signature of the applicant and in the place of passport holder he forged the signature of J███ A███ A██████, signing for that person, and

   -  he presented as his identity document a damaged passport of number AM██████361 issued by the Opole Voivode in the name of his brother J███ A███ A██████, following which

   *Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE".

|  | |
|---|---|
| *Oblong stamp:* | *Oblong stamp:* |
| For conformity | REFERENDARZ |
| 11-07-2013 | /-/ illegible signature |
| Opole, date | *Urszula Skowronek* |

001654

- having been warned of criminal liability provided for in art. 233 paragraph 1 of the Criminal Code and other he submitted a false written statement of circumstances of destruction of the above-mentioned passport document, on which he forged the signature of his brother J██ A██ A███████, and subsequently

- on October 16, 2009, in the place of signature of the person collecting the passport he forged the signature of J██ A██ A███████, signing in his place, as a result of which he obtained under false pretenses a provisional passport of number PA ██012 in the name of J██ A██ A███████ with a photograph of himself, in which untruth was certified as to the identity of the passport holder,

**i.e. an offense under art. 272 of the Criminal Code in connection with art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code in connection with art. 12 of the Criminal Code**

III. On October 20, 2009 at the Consular Department of the Embassy of the Republic of Poland in London he attempted to obtain under false pretenses certification of untruth in the form of a 10-year passport in the name of his brother J██ A██ A███████, by submitting an application for issue of the aforementioned passport document, in which he provided untrue personal data of the applicant, and on which, in the place of signature of the applicant, as well as in the place of signature of the passport holder, he forged the signature of his brother J██ A██ A███████, and further he presented to a consulate employee the obtained under false pretenses at the Consulate General of the Republic of Poland in Sao Paulo provisional passport of number PA ██012 issued in the name of his brother J██ A██ A███████, as a document certifying his identity, and further, following prior advice of criminal liability provided for in art. 233 paragraph 1 of the Criminal Code he submitted a false written statement of circumstances of destruction of the passport of number AM ██361 issued by the Opole Voivode in the name of his brother J██ A██ A███████, on which in the place of signature of the persons submitting explanations he forged the signature of J██ A██ A███████, attempting in this way to deceitfully mislead a consular official of this diplomatic post, authorized to issue the document, but failed to achieve the intended objective in view of verification actions undertaken by the said official,

**i.e. an offense under art. 13 § 1 of the Criminal Code in connection with art. 272 of the Criminal Code in connection with art. 273 of the Criminal Code and art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code.**

### decides:

to apply provisional arrest with respect to the suspect Adam Antonowicz son of Z██████ and H███ nee B████████, born on ████████ in ███ - for a period of 14 days from the date of apprehension.



## Statement of Reasons:

**Adam Antonowicz** remains charged with perpetration of acts under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265 § 1 of the former Criminal Code with application of art. 10 § 2 of the former Criminal Code and art. 58 § 1 of the former Criminal Code  in connection with art. 4 § 1 of the former Criminal Code and with art. 272 of the Criminal Code in connection with art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code in connection with art.12 of the Criminal Code and with art. 13 § 1 of the Criminal Code in connection with art. 272 of the Criminal Code in connection with art. 273 of the Criminal Code and art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code, and the fact of perpetration by the suspect of the acts alleged to him is highly likely in the light of the evidence thus far gathered in the investigation of file reference V Ds. 10/05 of the District Prosecutor's Office in Opole.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

|  |  |
|---|---|
| *Oblong stamp:* | *Oblong stamp:* |
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | *Urszula Skowronek* |

By decision of 16.07.2003, the District Prosecutor in Opole applied with respect to Adam Antonowicz a preventive measure in the form of Police supervision and a ban on leaving the country combined with seizure of his passport, for from the obtained information it followed that the suspect was not staying at the place of registration in Brzeg and did not contact P▮ K▮, whom he authorized to receive correspondence.

In view of the fact that the suspect Adam Antonowicz did not appear on summons addressed to him, and subsequently being aware of the proceedings ongoing against him he left the country for the purpose of avoiding criminal liability, by decision of 3.10.2003 the investigation V Ds. 25/03 was suspended.

By letter of 8.12.2003 the defender of the suspect filed a motion for revocation of the bank on leaving the country, advising that A. Antonowicz was in Italy for earning purposes. The above motion was denied and the suspect refused to return to Poland.

By decision of 25.06.2004 a national search was instituted for the suspect A. Antonowicz for the purpose of determination of his whereabouts.

By decision of 30.03.2005, the suspended investigation V Ds. 25/03 was resumed. The matter was allocated the reference V Ds. 10/05. At the same time a decision was issued on amendment of charges against the suspect A. Antonowicz to an act under art. 297§1 of the Criminal Code and art. 270§1 of the Criminal Code in connection with art. 11 §2 of the Criminal Code and art. 12 of the Criminal Code, after which the investigation was suspended.

33

By decision of 22.04.2005 the Regional Court in Opole (file reference II Kp 105/05) issued a decision on provisional arrest of the suspect Adam Antonowicz for a period of 7 days from the date of apprehension. The decision was issued in connection with the alleged to the surrender act under art. 297§1 of the Criminal Code and art. 270§ 1 of the Criminal Code in connection with art. 11 §2 of the Criminal Code and art. 12 of the Criminal Code within the framework of the investigation V Ds. 10/05.

By decision of 4.05.2005 a search was ordered for the suspect under a wanted person notice.

On 16.11.2007, information was obtained from which it follows that Adam Antonowicz stayed in the territory of Great Britain and subsequently in view of Poland's accession to the European Union and related possibility of launching an international search he left for the USA.

By decision of 16.01.2008. the District Prosecutor in Opole effected supplementation and amendment of the act alleged to A. Antonowicz to an offense under art. 286§1 of the Criminal Code and art. 297§1 of the Criminal Code and art. 270§1 of the Criminal Code in connection with art. 11 §2 of the Criminal Code and art. 12 of the Criminal Code. At the same time on 18.01.2008 the prosecutor filed a motion for amendment of the decision on provisional arrest of A. Antonowicz by inclusion in the decision on provisional arrest of all the charges pressed against him and application of the said preventive measure for a period of 14 days from the date of apprehension, for in view of a need for institution of extradition procedure it was necessary to cover all acts alleged to the suspect by the decision on provisional arrest.

By decision of 26.02.2008, the Regional Court in Opole (file reference II Kp 22/08) amended the provisional arrest applied by decision of this Court of 22.04.2005 in line with the motion of the prosecutor.

By decision of 27.12.2010, the District Prosecutor in Opole supplemented and amended the act alleged to A. Antonowicz to an offense under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265§1 of the former Criminal Code in connection with art. 10§2 of the former Criminal Code and art. 58§1 of the former Criminal Code in connection with art. 4§1 of the former Criminal Code.

Notwithstanding the foregoing, by letter of 27.10.2009 the Embassy of the Republic of Poland in London notified this Prosecutor's Office of an offense consisting in obtaining under false pretenses by Adam Antonowicz in Sao Paulo, Brazil, of certification of untruth in the form of a provisional passport issued in the name of ▆▆▆ A▆▆▆▆▆▆ - the suspect's brother, as who Adam Antonowicz was posing, and further attempted obtaining under false pretenses of certification of untruth - a passport in London. The matter was registered under the file reference number VI Ds. 25/09.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

|  |  |
|---|---|
| *Oblong stamp:* | *Oblong stamp:* |
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | *Urszula Skowronek* |

001655

In connection with the above decision of 08.03.2010, Adam Antonowicz was charged with perpetration of an act under art. 272 of the Criminal Code and art.233 § 6 of the Criminal Code and art.270 § 1 of the Criminal Code in connection with art. 11 § 2 of the Criminal Code and art. 12 of the Criminal Code and art. 13 § 1 of the Criminal Code in connection with art. 272 of the Criminal Code and art. 273 of the Criminal Code and art. 233 § 6 and art. 270 § 1 of the Criminal Code in connection with art. 11 § 2 of the Criminal Code.

By decision of 29.04.2010, the investigation VI Ds. 25/09 was suspended and merged with the files of the suspended investigation V Ds. 10/05.

On 4.03.2011, the District Prosecutor in Opole filed a motion for amendment and supplementation of the decision of the Regional Court in Opole of 26.02.2008 (II Kp 22/08) in the matter of provisional arrest by inclusion in the decision of all the acts alleged to the suspect.

By decision of 20.04.2011, the Regional Court in Opole decided to deny the said motion, for in the opinion of the Court the are no legal grounds in the criminal procedure for filing of such a motion.

On 1.06.2011, the District Prosecutor in Opole filed a motion for revocation of the hitherto preventive measure in the form of provisional arrest applied by decision of 26.02.2008 and simultaneous application with respect to Adam Antonowicz of provisional arrest for a period of 14 days from the date of apprehension of the currently suspected of the aforementioned offense under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265 § 1 of the former Criminal Code with application of art. 10 § 2 of the former Criminal Code and art. 58 § 1 of the former Criminal Code in connection with art. 4 § 1 of the former Criminal Code, and further an offense under art. 272 of the Criminal Code in connection with art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code in connection with art. 12 of the Criminal Code and an offense under art. 13 § 1 of the Criminal Code in connection with art. 272 of the Criminal Code in connection with art. 273 of the Criminal Code and art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code.

By decision of 12.07.2011 the Regional Court in Opole (II Kp 187/11) denied the above motion of the prosecutor, arguing that premises for application of provisional arrest remained valid, and issue of a decision in line with the request of the Prosecutor would lead to internal contradiction, following from the assertion that with respect to the suspect there at once did not and did exist premises for application of provisional arrest.

By decision of 21.07.2011, the District Court in Opole (file reference VII Kz 313/11) having considered a complaint of the prosecutor against the said decision decided to uphold the appealed decision, expressing the view that the change of the charges pressed against the suspect effected by the prosecutor did not automatically raise a need for issue of another decision on application of provisional arrest, since such a measure had already been applied in one of the conducted proceedings. The Court noted that the fact that perpetration by the suspect is likely is fairly obvious, much as its is obvious that the suspect has been absconding from law enforcement for several years.

By decision of March 20, 2012, the District Prosecutor in Opole revoked the preventive measure in the form of provisional arrest of the suspect Adam Antonowicz for a period of 14 days form the day of apprehension, applied by decision of the Regional Court in Opole of February 26, 2008, file reference number II Kp 22/08, for although the legal grounds for application with respect to Adam Antonowicz of provisional arrest mentioned in art. 258 § 1 point 1 of the Code of Criminal Procedure remained valid - that is justified concern of flight and absconding of the accused when he has no permanent place of stay in Poland, and the gathered evidence indicates high likelihood that the above-mentioned suspect did perpetrate the offenses alleged to him (art. 249 § 1 of the Code of Criminal Procedure), it could not be determined that the reasons for which the Regional Court in Opole issued a decision on provisional arrest of the suspect in absentia have not changed.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

|  |  |
|---|---|
| *Oblong stamp:* | *Oblong stamp:* |
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | *Urszula Skowronek* |

Revoking the hitherto decision on provisional arrest, it was pointed out that the purpose of application of preventive measures is to ensure proper course of proceedings. Securing of proper course of proceedings consists in arrangement of such conditions for the criminal process as to enable it to be conducted without hindrance and to allow achievement of the objectives of criminal proceedings.

The motion of the prosecutor for application of provisional arrest with respect to the suspect for a period of 14 days is justified.

The prosecutor justifiably showed in the motion that the applied in the hitherto shape preventive measure in the form of provisional arrest did not allow for achievement of the objectives of the investigation conducted under the joint file reference number V Ds. 10/05, covering additionally materials of the investigation VI Ds. 25/09, for it prevented implementation of extradition procedure with respect to all acts alleged to the suspect. For the same reasons the revoked decision on provisional arrest did not allow for application with respect to A. Antonowicz of European Arrest Warrant, whose execution would enable conduct of preliminary proceedings with respect to all offenses alleged to him.

According to the principles of specialty following from art. 596 of the Code of Criminal Procedure, an extradited person may not, without consent of the surrendering state, prosecuted, convicted or imprisoned for the purpose of enforcement of penalty for an offense committed prior to the date of surrender, other than that for which extradition occurred. An analogous principle in case of apprehension by virtue of a European Arrest Warrant was expressed in art. 607e. § 1, according to which a person transferred as a result of execution of the warrant may not be prosecuted for offenses other than those constituting the basis for the transfer, and sentences of imprisonment or other measures consisting in deprivation of liberty adjudicated against this person for these offenses may not be enforced.

Indisputably, the suspect being aware of the ongoing criminal proceedings against him and the applied with respect to him preventive measures has been absconding from law enforcement authorities, staying during the last 9 years in the territory of Europe, United States of America, Brazil and Asia, at the same time refusing to return to Poland. The conducted so far actions of searching for the mentioned, as well as attempts to determine his current whereabouts both in Poland and abroad have proven ineffective. Actions undertaken by him aimed at obtaining at Polish diplomatic posts a passport issued for the particulars of his brother were designed to enable further unhindered movement of the suspect abroad in spite of application of preventive measures.

In the course of the investigation a need arises for performance of a number of procedural actions with participation of Adam Antonowicz, including, amongst others, announcement of decision on supplementation and amendment of charges, interview as a suspect, verification of possible line of defense, as well as conduct of confrontation between the mentioned and co-suspects and witnesses.

At the same time, in view of existence of the show above premises for application of provisional arrest, the negative premises mentioned in art. 259 of the Code of Criminal Procedure do not arise.

Conduct of the suspect therefore carries the traits of hindering of the ongoing criminal proceedings, hence the Court applied provisional arrest for the indicated period.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

<table>
<tr><td><em>Oblong stamp:</em></td><td><em>Oblong stamp:</em></td></tr>
<tr><td>For conformity<br>11-07-2013<br>Opole, date</td><td>REFERENDARY<br><em>/-/ illegible signature</em><br><em>Urszula Skowronek</em></td></tr>
</table>

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "REGIONAL COURT IN OPOLE".

*Oblong stamp:*
Conformity of the extract with the original certified by
Court Clerk
*/-/ illegible signature*
*Illegible name*

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".



*Oblong stamp:*                                                                    **001657**
DISTRICT PROSECUTOR'S OFFICE
6th Department for Matters of
Economic Crime                                                          Opole, April 23, 2012
ul. Reymonta 24, 45-954 Opole

File reference number VI Ds. 10/05

## DECISION
### on searching for a suspect by means of a wanted person notice

Małgorzata Sadowska -  Prosecutor of the Regional Prosecutor's Office seconded to the District Prosecutor's Office in Opole, having acquainted herself with the files of the investigation of file reference number VI Ds. 10/05 against Adam Antonowicz suspected of offenses under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265 § 1 of the former Criminal Code with application of art. 10 § 2 of the former Criminal Code and art. 58 § 1 of the former Criminal Code in connection with art. 4 § 1 of the former Criminal Code, art. 272 of the Criminal Code in connection with art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code in connection with art. 12 of the Criminal Code, art. 13 § 1 of the Criminal Code in connection with art. 272 of the Criminal Code in connection with art. 273 of the Criminal Code and art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code.

**by virtue of art. 279 § 1 of the Code of Criminal Procedure**

### decided:

**to order a search under a wanted person notice for the absconding from law enforcement authorities suspect Adam Antonowicz, son of Z̲███ and H̲███ nee B̲███, born on ███████████ in ███, with respect to whom the Regional Court in Opole II Criminal Department by decision of April 18, 2012, file reference number II Kp 125/12 applied a preventive measure in the form of provisional arrest for a period of 14 days from the day of apprehension.**

### Statement of Reasons

The District Prosecutor's Office in Opole is supervising the suspended investigation of file reference number VI Ds. 10/05 against Adam Antonowicz suspected of offenses under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265 § 1 of the former Criminal Code with application of art. 10 § 2 of the former Criminal Code and art. 58 § 1 of the former Criminal Code in connection with art. 4 § 1 of the former Criminal Code, art. 272 of the Criminal Code in connection with art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code in connection with art. 12 of the Criminal Code, art. 13 § 1 of the Criminal Code in connection with art. 272 of the Criminal Code in connection with art. 273 of the Criminal Code and art. 233 § 6 in connection with § 1 of the Criminal Code and art. 270 § 1 of the Criminal Code with application of art. 11 § 2 of the Criminal Code.

In the course thereof, by decision of April 18, 2012, file reference number II Kp 125/12, the Regional Court in Opole applied with respect to the suspect a preventive measure in the form of provisional arrest for a period of 14 (fourteen) days from the date of apprehension.

From the factual establishments made for the needs of the said investigation it unequivocally follows that Adam Antonowicz has been persistently absconding for over 10 years from law enforcement authorities, intentionally hindering the criminal proceedings conducted against him.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

<table>
<tr><td><em>Oblong stamp:</em></td><td><em>Oblong stamp:</em></td></tr>
<tr><td>For conformity<br>11-07-2013<br>Opole, date</td><td>REFERENDARY<br><em>/-/ illegible signature</em><br>Urszula Skowronek</td></tr>
</table>

**001658**

This is in particular shown by the fact that being banned from leaving the country by decision of July 16, 2003, file reference V Ds. 24/02, with simultaneous seizure of passport, in the face of expiry of the issued to him by the Opole Voivode passport of number BM███629, on October 16, 2009 at the Consulate General of the Republic of Poland in Sao Paulo, as a result of deceitful misleading of the vice-consul of the said diplomatic post T███ ł██ regarding his true identity, he obtained under false pretenses a provisional passport of number PA 4183012 in the name of his brother J██ A██ A████████ with a photograph of himself. Further, from the establishments made it follows that on October 20, 2009 the above-mentioned suspect attempted to obtain under false pretenses certification of untruth in the form of a 10 - year passport in the name of his brother J██ A██ A████████ at the Consular Department of the Embassy of the Republic of Poland in London.

The conducted so far actions of searching for the mentioned, as well as attempts to determine his current whereabouts both in Poland and abroad have proven ineffective.

In view of the above circumstances, a decision on searching for the suspect Adam Antonowicz under a wanted person notice is fully justified.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

<em>Oblong stamp:</em><br>
PROSECUTOR<br>
Regional Prosecutor's Office<br>
Seconded to the District Prosecutor's Office<br>
<em>/-/ illegible signature</em><br>
Małgorzata Sadowska

**Disposition:**

1.  Draft a wanted person notice and forward it along with the present decision to the Poviat Police Headquarters in Brzeg for the purpose of prompt distribution among other Police units.

2.  Send an extract of the decision along with the wanted person notice to the General Headquarters of the Border Guard in Warsaw.

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

<table>
<tr><td><em>Oblong stamp:</em></td><td><em>Oblong stamp:</em></td></tr>
<tr><td>For conformity<br>11-07-2013<br>Opole, date</td><td>REFERENDARY<br><em>/-/ illegible signature</em><br>Urszula Skowronek</td></tr>
</table>

*Oblong stamp:*
PROSECUTOR
Regional Prosecutor's Office
Seconded to the District Prosecutor's Office
*/-/ illegible signature*
Małgorzata Sadowska

*Oblong stamp:*                                                    **001660**
DISTRICT PROSECUTOR'S OFFICE
6th Department for Matters of
Economic Crime                                        Opole, 23.04.2012
ul. Reymonta 24, 45-954 Opole

File reference number **V Ds. 10/05**

**Poviat Police Headquarters
in Brzeg**

### WANTED PERSON NOTICE

M███████ S███████ - prosecutor of the Regional Prosecutor's Office in Opole seconded to the District Prosecutor's Office in Opole

pursuant to her decision of **April 23, 2012**

issued by virtue of art. 279 § 1 of the Code of Criminal Procedure in the case **V Ds. 10/05**

**I.**    Orders a search under a wanted person notice for the following suspect:

1.    Surname and given names **Antonowicz Adam**

2.    Alias ...

3.    Father's name Z███████

       Given name and maiden surname of mother: H███ nee B███████

4.    Date and place of birth: ███████████, ███

       Registration number PESEL: ███████899

5.    Last place of registration:

       ███████████, ul. ███████████

6.    Last place of residence - as above

7.    Last place of work:

8.    Occupation

9.    Citizenship: **Polish**

10.   Gender: **male**

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

*Oblong stamp:*                              *Oblong stamp:*

For conformity                              REFERENDARY
11-07-2013                                 */-/ illegible signature*
Opole, date                                *Urszula Skowronek*

001661

11.   Description:

height -                                         hair -

forehead -                                    face -

color of eyes -                              ears -

nose -                                           lips -

distinctive marks -

other descriptive features -

Description from the files kept by virtue of the law by public authorities. *)

12.   Information on the contents of pressed charges:

1.    In the period from April 27, 1998 through August 17, 1998 in Brzeg, jointly and in agreement with other individuals, for the purpose of obtaining from Bank Zachodni SA in Wrocław Branch in Namysłów for himself and others bank credits intended for purchase under an installments sale system from "FHU Biuro Podróży PTTK (Travel Agency)" with its registered office in Brzeg, of which he was a plenipotentiary, of tourism events abroad and in Poland, he submitted through the agency of K█████ N█████ owner of the firm KLN Pośrednictwo Kredytowe (Credit Agency) with its registered office in Kluczbork to the aforementioned bank unreliable and forged documents material for obtaining of credits, acting to the detriment of Bank Zachodni SA Branch in Namysłów, and so:
an offense under art. 3 § 1 of the Act of October 12, 1994 on protection of business and amendment of certain regulations of the criminal law in connection with art. 265 § 1 of the former Criminal Code with application of art.10 § 2 of the former Criminal Code and art. 58 § 1 of the former Criminal Code in connection with art. 4 § 1 of the former Criminal Code. **and other**

13.   Date and file reference number of the decision on provisional arrest: **Regional Court in Opole decision of April 18, 2012 file reference number II Kp 125/12**

II.   Distribution of the wanted person notice shall take place by sending out to Police units, and:

-     putting up posters *)

-     publication of the wanted person notice data on the Internet *)

-     publication of the wanted person notice data in mass media (radio, television, press). *)

III.  Photograph of the fugitive:

-     enclosed *)

-     photograph from the files kept by virtue of the law by public authorities. *)

**All those who know the whereabouts of the fugitive are called on to notify the same to the nearest Police unit or prosecutor (article 280 paragraph 1 point 4 of the Code of Criminal Procedure).**

**Warning is given that harboring the fugitive or aiding him in flight carries a penalty of imprisonment of up to 5 years (article 239 paragraph 1 of the Criminal Code).**

For apprehension or contributing to apprehension of the fugitive an award is put up of PLN ...... *).

Assurance is provided on maintenance of secrecy as to the identity of the informing person (art. 280 paragraph 2 of the Code of Criminal Procedure).

**Attachments:**

1. Extract of decision on provisional arrest

2. Order of receipt in the nearest investigative detention facility

- \* Cross out the unnecessary


*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

} *Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

| *Oblong stamp:* | *Oblong stamp:* |
|---|---|
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | Urszula Skowronek |

*Oblong stamp:*
PROSECUTOR
Regional Prosecutor's Office
Seconded to the District Prosecutor's Office
*/-/ illegible signature*
Małgorzata Sadowska

}



43

## PICTORIAL MATERIAL

*Copy of a photograph*

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

ADAM KAZIMIERZ ANTONOWICZ
Son of Z█████ and H█████ nee B█████
Born on █████ in █████

The suspect is sought under a wanted person notice in connection with perpetration of offenses under article 286 paragraph 1 of the Criminal Code, in connection with article 270 paragraph 1 of the Criminal Code and article 297 paragraph 1 of the Criminal Code with application of article 11 paragraph 2 of the Criminal Code and article 12 of the Criminal Code for the investigation of file reference number V Ds. 10/05

Photograph taken in 1997

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

| *Oblong stamp:* | *Oblong stamp:* |
|---|---|
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | Urszula Skowronek |



## PICTORIAL MATERIAL

*Copy of a photograph*

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

ADAM KAZIMIERZ ANTONOWICZ
Son of Z▮▮▮▮▮ and H▮▮ nee B▮▮▮▮
Born on ▮▮▮▮▮▮▮▮ in ▮▮▮▮

The suspect is sought under a wanted person notice in connection with perpetration of offenses under article 286 paragraph 1 of the Criminal Code, in connection with article 270 paragraph 1 of the Criminal Code and article 297 paragraph 1 of the Criminal Code with application of article 11 paragraph 2 of the Criminal Code and article 12 of the Criminal Code for the investigation of file reference number V Ds. 10/05

Photograph taken in 1999

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

| *Oblong stamp:* | *Oblong stamp:* |
|---|---|
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | Urszula Skowronek |



45

*Copy of a photograph*

**ADAM KAZIMIERZ ANTONOWICZ**
Son of Z█████ and H████ nee B██████
Born on █████████ in █████████

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

| *Oblong stamp:* | *Oblong stamp:* |
|---|---|
| For conformity | REFERENDARY |
| 11-07-2013 | */-/ illegible signature* |
| Opole, date | Urszula Skowronek |



*national emblem of the*
*Republic of Poland*

POVIAT POLICE
HEADQUARTERS
IN BRZEG, Opolskie
Voivodship

*Stamp of Police unit*

REPUBLIC OF POLAND
(POLAND)

**99...illegible 91061**

Voivodship Fingerprint
Registry
Forensic Laboratory
KWP (Voivodship Police
Headquarters) in Opole
15/00

| Family name | ANTONOWICZ | | | | |
|---|---|---|---|---|---|
| Forename(s) | ADAM KAZIMIERZ | | | ID no. | ▮750 |
| Maiden name | | | | Ref. no. | D-2610/00 |
| Father's forename | Z▮ | Mother's name | H▮ | Police unit code | 081001 |
| Address | | UL ▮ | | Case no. | |
| Sex (M/F/?) | M | Date of birth (y,m,d) | ▮ | PESEL ▮899 | ID card ▮062 |
| Place of birth | ▮ | | | Type and no. of ID doc. | |
| Nationality | POLISH | Reason for fingerprinting | | Offense | Suspected of an act under art. 224 § 2 C.C. |

R
1. thumb    2. index finger    3. middle finger    4. ring finger   5. little finger

L
6. thumb    7. index finger    8. middle finger    9. ring finger   10. little finger

LEFT HAND - Simultaneous print of four fingers    RIGHT HAND - Simultaneous print of four fingers

Simultaneous prints of the thumbs
LEFT   RIGHT

| *signature of fingerprinted person* | *Mark first copy with red cross* | Date of fingerprinting: **2000-04-21** | fingerprints taken by |
|---|---|---|---|
| */-/ illegible signature* | *scale 1:1* | | */-/ illegible signature* |
| | | Place of fingerprinting | Officer K. Grabowiec |
| | | KPP (Poviat Police Headquarters) Brzeg | |

47

*Overleaf:*

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Official round seal with the state emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN OPOLE, 2".

<table>
<tr><td>*Oblong stamp:*</td><td>*Oblong stamp:*</td></tr>
<tr><td>For conformity<br>11-07-2013<br>Opole, date</td><td>REFERENDARY<br>*/-/ illegible signature*<br>Urszula Skowronek</td></tr>
</table>

)

)



## EXCERPT FROM THE REGULATIONS OF THE ACT OF JUNE 06, 1997
## CRIMINAL CODE

### Article 11
§ 1. The same act can constitute only one offence.

§ 2. If an act satisfies the attributes specified in two or more provisions of the criminal law, the court sentences for one offence on the basis of all regulations applicable in concurrence.

§ 3. In the case described in paragraph 2 the Court administers penalty on the basis of the regulation providing for the most severe penalty, which is no obstacle to the adjudication of other means provided for in the law on the basis of all regulations applicable in conjunction.

### Article 12
Two or more actions taken in short time intervals in the performance of an advance intention shall be regarded as one prohibited act; if the subject of the attempt is personal interest, the condition for regarding multiple acts as one prohibited act is that the victim is the same in all these acts.

### Article 13
§1. A person who, intending to commit a prohibited act, in his/her behavior directly aims at committing such an act, is liable for an attempt to commit a prohibited act, which is not eventually committed.

§ 2. Intending takes place also when the perpetrator is not aware that it is impossible to commit a prohibited act due to lack of a subject on which such a prohibited act could be committed or due to using means that are not fit for commitment of the prohibited act.

### Article 101.
§ 1. An offence will cease to be punishable upon the expiration of the following periods from the time of its perpetration:
1) 30 years – if the deed is a crime of homicide;
2) 20 years – if the deed is another crime;
2a) 15 years – if the deed is the crime liable to imprisonment exceeding 5 years;
3) 10 years – if the deed is the crime liable to imprisonment exceeding 3 years;
4) 5 years – in case of other offences;

### Article 102
If proceedings are initiated against a person within the period provided for by article 101, then the offence specified in paragraph 1 item 1-3 committed by the person ceases to be punishable with the lapse of 10 years, and in other cases – with the lapse of 5 years from the end of such a period.

### Article 233
§ 1. Any person who, while giving testimony which is going to serve as evidence in court proceedings or other proceedings being conducted on the basis of a law, gives false evidence or withholds the truth is liable to imprisonment for a period of up to 3 years.

**§ 2.** A condition for such liability is that the person hearing the testimony, acting within the limits of his/her authority, has warned the person giving testimony against criminal liability for giving false evidence or has heard an oath from the testifier.

**§ 3.** A person who, not knowing about the right to refuse to testify or answer a question, gives false testimony in fear of criminal liability that could threaten him/her or his/her relatives shall not be liable to a penalty.

**§ 4.** Any person acting as an expert witness, expert or translator/interpreter who submits a false expert's opinion or translation which is going to serve as evidence in proceedings as defined in § 1 above shall be liable to imprisonment for a period not longer than 3 years.

**§ 5.** A court may apply an extraordinary mitigation of penalty or even renounce the penalty if:
1) the false testimony, opinion or translation concerns circumstances that could have no influence on the determination of the case;
2) the perpetrator voluntarily corrects such false testimony, opinion or translation before the case is determined – even if by not yet legally binding and valid sentence.

**§ 6.** The regulations of §§ 1-3 and 5 apply accordingly to a person who makes a false statement if a regulation of the law provides for a possibility to hear a statement under pain of criminal liability.

### Article 270
**§ 1.** A person who forges or modifies a document with an intention to use it as the authentic one or uses such a document as the authentic one, is liable to a fine, a penalty of limitation of freedom or that of imprisonment for a period of from 3 months up to 5 years.

**§ 2.** Subject to the same penalty as above is anyone who fills out a blank form that has another's signature affixed thereto, in a way discordant with the will of the signed and to the detriment thereof, or uses such a document.

**§ 2a.** In a case of lesser importance the perpetrator is liable to a fine, the punishment of limitation of liberty, or imprisonment for the period not longer than 2 years.

**§ 3.** Whoever makes preparations for the offense described in § 1 is subject to a fine, a penalty of limitation of liberty or that of imprisonment for a period of up to 2 years.

### Article 272.
Whoever obtains under false pretences certification of untruth by deceitful misleading of a public officer or another person authorized to issue the document is subject to a penalty of imprisonment for a period of up to 3 years.

### Article 273
Whoever uses a document described in Article 271 or 272 is subject to a fine, a penalty of limitation of liberty or imprisonment for up to 2 years.

## EXCERPT FROM THE REGULATIONS OF THE ACT OF APRIL 19, 1969
## CRIMINAL CODE

**Article 4.**

§ 1. The time of the crime commission is considered the time when the perpetrator acted or desisted from action to which he/she was obliged.

§ 2. The place of the crime commission is considered the place where the perpetrator acted or desisted from action to which he/she was obliged, or where the felonious effect occurred or was to occur.

**Article 10.**

§ 1. One act can only constitute one crime.

§ 2. If a prohibited act exhausts attributes defined in two or more regulations of the penal law, then the court shall sentence for one crime on the basis of all of the concurring regulations.

§ 3. In the case defined in paragraph 2 above, the court shall impose a penalty on the basis of a regulation which provides for the strictest penalty, which shall not be an impediment to imposing additional penalties and security means on the basis of other concurring regulations.

**Article 58.** In case of sentencing for a perpetual offense, the Court may adjudicate a penalty within the limits up to the highest statutory threat increased by half, not exceeding, however, the limit of the given kind of penalty.

**Article 265**

§ 1  A person who forges or modifies a document for the purpose of using it as the authentic one or uses such a document as the authentic one, is subject to a penalty of imprisonment for a period from 6 months up to 5 years.

§ 2:  In a case of lesser importance, the offender is subject to a penalty of imprisonment for up to one year, limitation of liberty or a fine.

§ 3: Whoever makes preparations for the offense described in § 1 in this way that he/she doctors, modifies, or acquires an official form, seal, stamp or another tool, is subject to a penalty of imprisonment for up to 2 years, limitation of liberty and a fine.

## EXCERPT FROM THE LAW OF OCTOBER 12, 1994 ON PROTECTION OF
## ECONOMIC TRADE AND AMENDMENT OF SOME REGULATIONS OF
## CRIMINAL LAW

**Article 3.**

§ 1. Any person who for the purpose of obtaining a credit, credit guarantee, donation, subvention or public order submits documents that are false or state untruth, or dishonest declarations concerning the circumstances that have material significance for obtaining such a credit, credit guarantee, donation, subvention or public order, is subject to a penalty of imprisonment for up to 5 years.

§ 2. To the same penalty is subject a person who, contrary to his/her obligation, refrains from informing the appropriate body or institution on emergence of circumstances that may affect the suspension or limitation of the amount of the granted credit, credit guarantee, donation, subvention or public order.

§ 3. To the penalty is not subject a person who, before institution of criminal proceedings, voluntarily prevented the use of credit, credit guarantee, donation, subvention or public order, obtained in the manner determined in §1 or §2.

*Oblong stamp:*
**For Conformity**

*Oblong stamp:*
Piotr Radomski
Prosecutor
of District Prosecutor's Office in Warsaw
Attached to the Ministry of Justice

*Date stamp:* 2013-07-17

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "General Prosecutor's Office. 2"



**Excerpt from the Act**
**of June 6, 1997**
**Criminal Code**
**(Journal of Laws of August 2, 1997)**

**Article 4 (Amendment of Law)**

§ **1.** If at the time of adjudication a different Law is in force than at the time of perpetration of a crime, the new Law is applied, however the Law formerly in force should be applied if it is more lenient for the perpetrator.

§ 2. If according to the new Law the act subject to the sentence is amenable to a penalty, whose upper limit is lower than the penalty adjudicated, the administered penalty is lowered to the upper limit of statutory threat provided for such an act under the new Law.

§ 3. If according to the new Law the act subject to the sentence is no longer amenable to a penalty of imprisonment, the administered penalty of imprisonment subject to serving is changed to a fine or a penalty of restriction of freedom, adopting that one moth of imprisonment is equal to 60 daily rates of fine or 2 moths of restriction of freedom.

§ 4. If according to the new Law the act subject to the sentence is no longer prohibited under a threat of penalty, the sentence is erased by force of law.

*Oblong stamp:*
**For Conformity**

*Oblong stamp:*
Piotr Radomski
Prosecutor
of District Prosecutor's Office in Warsaw
Attached to the Ministry of Justice

*Date stamp:* 2013-07-17

*Official round seal with the national emblem of the Republic of Poland in.the center and the following inscription on the rim:* "MINISTER OF JUSTICE, 4".

*Round, official stamp with the national emblem of the Republic of Poland in the centre and the following inscription on the rim:* "General Prosecutor's Office, 2"



53

**001675**

Opole, June 11, 2012

**OPOLE VOIVODE**

SO.II.6122.408.2012.BA

*Oblong stamp:*                    *Illegible manuscript*

DISTRICT PROSECUTOR'S OFFICE
IN OPOLE
2012-06-14                    *Illegible oblong stamp*
Time …. Att.
Adriana Kempna
*/-/ illegible signature*

## CERTIFICATION OF POLISH CITIZENSHIP

Acting by virtue of art. 1 and art. 17 sec. 4 of the Act of February 15, 1962 on Polish citizenship (Journal of Laws of 2000, no. 28, it. 353 as amended),

2012-06-14
*Illegible manuscript*

*Oblong stamp:*
Deputy
District Prosecutor
*/-/ illegible signature*
Henryk Mrożek

I certify that **Adam Kazimierz Antonowicz,**
Son of Z⬛ and H⬛ nee B⬛
born on ⬛ in ⬛,
until May 16, 2005 registered
for permanent stay in ⬛ at ⬛

*Illegible manuscript*

*Oblong stamp:*
Deputy
District Prosecutor
*/-/ illegible signature*
Paweł Nowosielski

*Manuscript:*

.14.06.2012

Prosecutor M. Sadowska

*/-/ illegible signature*

**possesses Polish citizenship.**